FINN HANNEVIG & COMPANY, INC., Respondent, *v.* MORRIS
FRANKEL and Others, Appellants.

First Department, November 30, 1923.

**Pleadings — action to recover for fraud and deceit against three defendants sued as joint tort feasors — answer based on knowledge was verified by one defendant individually and as officer of corporation defendant — defendants are united in interest and verification by one is sufficient under Rules of Civil Practice, rule 99 — court cannot direct one defendant to serve separate answer — if answer is insufficient as to one defendant proper practice is to enter judgment by default against said defendant or return answer as to him.**

In an action against three defendants sued as joint tort feasors to recover damages for fraud and deceit a joint answer interposed by the defendants and verified by one of them, individually, and also as an officer of the corporation defendant.

in which he swears that the answer is true of his own knowledge, is sufficient under rule 99 of the Rules of Civil Practice, since the defendants are united in interest and the answer shows that the defendant verifying it is acquainted with the facts. The court cannot direct the defendant who did not verify the answer to serve a separate answer. If the answer served is insufficient as to the defendant who did not verify, the proper practice is to enter judgment by default against him or to return the answer to such defendant as a nullity.

APPEAL by the defendants, Morris Frankel and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of June, 1923, directing that the defendant Morris Frankel serve a separate answer.

*Bullowa & Bullowa* [*Charles C. Sanders* of counsel], for the appellants.

*Burger & Burger* [*Lewis Schuldenfrei* of counsel], for the respondent.

McAVOY, J.:

The action is in tort for alleged fraud and deceit. The defendants are sued as joint tort feasors. Plaintiff seeks to recover damages for alleged fraudulent representations by defendant corporation and by two of its officers, the individual defendants, for falsely stating that defendant Universal Transportation Company, Inc., had paid on a shipment of a number of tons of coal a freight charge of fourteen dollars per ton, when it had paid but twelve dollars per ton, thereby defrauding plaintiff out of a commission of two dollars per ton.

All three defendants joined in one answer setting up a general denial and certain separate defenses therein which allege a written contract between plaintiff and defendant corporation providing for a commission of seventy-five cents a ton on a freight charge of fourteen dollars per ton and for no commission on a freight charge of less than fourteen dollars per ton, and also alleging that payment of seventy-five cents a ton was made and accepted by plaintiff in full of all claims.

The allegations of the answer are not made upon information and belief but unequivocally upon knowledge.

This joint answer was verified by defendant George Frankel, as one of the defendants, and also as vice-president of the defendant corporation; and in the verification he swears that " the same is true of his own knowledge."

Plaintiff made a motion " for an order requiring each of the defendants herein to separately answer the complaint herein, and that such pleadings shall specifically answer each paragraph of the complaint."

The motion was heard at Special Term, which made an order granting it " to the extent that the defendant Morris Frankel is required to serve a separate answer."

The authority for this practice purports to come from rule 99 of the Rules of Civil Practice, which provides that a verification of a pleading must be made by the affidavit of the party, or if there are two or more parties united in interest and pleading together, by at least one of them who is acquainted with the facts. In the present case the answer is verified by George Frankel individually and as an officer of the corporation, but it is not verified by Morris Frankel, the other defendant.

The learned Special Term stated that in its opinion these parties are not united in interest because of an allegation in the complaint of an individual false representation by each defendant to the plaintiff.

We reach a contrary conclusion. This rule permits defendants, when sued jointly in an action to recover damages for alleged fraudulent representations, to plead together if they are united in interest. In this instance each party has the common charge of fraud against him and each has a common interest in defending it and if one knows the facts he may verify for the others and all defendants may join in one answer containing positive denials of the complaint and affirmative defenses on behalf of all. A verification of the answer in such case by one of the defendants upon his own knowledge is sufficient under the statute or rule. (Rules Civ. Prac. rule 99; *Conolly* v. *Schroeder,* 121 App. Div. 634.)

In *Zoellner* v. *Newberger* (1 N. Y. Law Bull. 29) Mr. Justice BARRETT pronounced a controlling rule: " The fact that the complaint charges defendants and each of them with the alleged wrong, does not alter the fact that defendants are united in interest and plead together."

We think that here the pleadings and statement of defendants' relation indicate a unison of interest sufficient to allow one defendant to verify for all his codefendants and for a joint answer to suffice.

The practice adopted here does not find sanction anywhere in the Civil Practice Act or Rules of Civil Practice, nor has any impliedly derivative power of the court been cited to sustain it. A court cannot direct a person to separately answer. If the answer jointly put in by several defendants and verified by but one defendant is not sufficient for lack of verification as to one or more, the remedy is to take judgment as though the one or more defendants had not answered or to return the answer to such defendants as a nullity in so far as those defendants who do not verify are concerned.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING and MARTIN, JJ., concur; FINCH, J., concurs on ground last stated.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.