T. Paul Kane, J.
Plaintiff seeks a temporary injunction pending the trial of an action for a permanent injunction pursuant to the provisions of section 807 of the Labor Law of the State of New York.
On November 22, 1964 defendant initiated a strike against plaintiff following extensive negotiations over the terms and conditions of a new collective bargaining agreement between the parties.
The within action was commenced on November 25, 1964 and a temporary restraining order was issued to plaintiff restraining and enjoining defendant from alleged unlawful picketing at the premises of the plaintiff. On November 26, 1964 an application was made to a Justice of the Appellate Division by the defendant to vacate said temporary order which resulted in the matter being referred back to this court for a hearing and determination.
The hearing was commenced at Cobleskill, N. Y., on Friday, November 27, 1964. At the conclusion of the testimony on that day the court vacated its temporary restraining order and pro *543 ceeded to determine the issues raised at the hearing. The motion to vacate said temporary order, as made by the defendant, was granted due to noncompliance with the exacting statutory standards enacted by the Legislature that must be, and properly so, applied when injunctions are sought in labor disputes.
The hearings were resumed on November 30, 1964 at Troy, N. Y., and concluded during the evening of December 1,1964.
The court would be remiss if it were not to acknowledge the courteous co-operation of the attorneys and the parties and their respective witnesses in the conduct of this hearing. It was not only held in two separate counties, but for the greater part during evening hours. The circumstances under which this hearing arose made such a proceeding difficult and trying for both litigants and required the skill of temperate and reasonable men. That these qualities exist was evident from the outset and hopefully they will continue in the course of future negotiations.
In this matter with such serious ramifications, it is important that the function of the court be properly brought into perspective. This court is prohibited by jurisdictional limitations to become involved with the settlement of the ‘' labor dispute” itself. Any comment regarding the merits of the opposing positions would be an intrusion into an area over which the court has no jurisdiction. The motion before the court is one for a temporary injunction and, thus the principal issue is whether or not a temporary injunction restricting the quantity and quality of the picketing activities of the defendant should be granted pending the trial of the action for a permanent injunction.
Prior to addressing itself to this principal issue, the court will consider a motion made by defendant to dismiss the complaint upon the grounds that it was defectively verified. (CPLR 3021.) The evidence did show that the attorney who verified the complaint and bill of particulars did not have actual knowledge of portions of the contents of the pleadings and failed to state them as being upon information and belief. The court recognizes that a strict and formal application would demand a dismissal of the complaint. In contemplating such a decision the court is also aware that it would only grant such a motion without prejudice to the plaintiff to plead again. Considering the entire matter, the labor dispute, the nature of the picketing activities and even the livelihood and well-being of both labor and management, time appears to be of the essence for all parties concerned. Whereas decisions under the prior law demanded formal rather than substantial compliance in this regard, the present directive (CPLR 3026) is that pleadings shall be liberally construed and that defects shall be ignored if a substantial right of a party is *544 not prejudiced. It is significant to note that all of the allegations which the attorney asserted to knowledge of were borne out by the evidence. It would appear conclusively therefore that there will be no substantial prejudice to defendant if the defect is ignored.
To resolve this principal issue the court turns to the standards that are contained in section 807 of the Labor Law of the State of New York, the relevant portions of which read as follows:
“§ 807. Injunctions issued in labor disputes. 1. No court nor any judge or judges thereof shall have jurisdiction to issue any restraining order or a temporary or permanent injunction in any case involving or growing out of a labor dispute, as hereinafter defined, except after a hearing, and except after findings of all the following facts by the court or judge or judges thereof to be filed in the record of the case:
“ (a) That unlawful acts have or a breach of any contract not contrary to public policy has been threatened or committed and that such acts or breach will be executed or continued unless restrained;
“(b) That substantial and irreparable injury to complainant’s property will follow unless the relief requested is granted;
“ (c) That as to each item of relief granted greater injury will be inflicted upon complainant by the denial thereof than will be inflicted upon defendants by the granting thereof;
“(d) That complainant has no adequate remedy at law;
“(e) That the public officers charged with the duty to protect complainant’s property have failed or are unable to furnish adequate protection; and
“ (f) That no item of relief granted prohibits directly or indirectly any person or persons from doing, whether singly or in concert, any of the following acts:
“ (1) Ceasing or refusing to perform any work or to remain in any relation of employment;
“ (2) Becoming or remaining a member of any labor organization or of any employer organization, regardless of any agreement, undertaking or promise;
“ (3) Paying or giving to, or withholding from, any person any strike or unemployment benefits or insurance or other moneys or things of value;
“ (4) By all lawful means aiding any person who is being proceeded against in, or is prosecuting any action or suit in any court of the United States or of any state;
“ (5) Giving publicity to and obtaining or communicating information regarding the existence of, or the facts involved *545 in, any dispute, whether by advertising, speaking, picketing, patrolling any public street or any place where any person or persons may lawfully be, or by any other method not involving fraud, violence or breach of the peace;
“ (6) Ceasing to patronize or to employ any person or persons;
“ (7) Assembling peaceably to do or to organize to do any of the acts heretofore specified or to promote lawful interests;
“ (8) Advising or notifying any person or persons of any intention to do any of the acts heretofore specified;
“ (9) Agreeing with other persons to do or not to do any of the acts heretofore specified;
“ (10) Advising, urging or inducing without fraud, violence or threat thereof, others to do the acts heretofore specified;
“ (11) Doing in concert of any or all of the acts heretofore specified on the ground that the persons engaged therein constitute an unlawful combination or conspiracy or on any other grounds whatsoever.
* * *
“4. No injunctive relief shall be granted to any plaintiff who has failed to plead and prove compliance with all obligations imposed by law which are involved in the labor dispute in question, or who has failed to allege and prove that he has made every reasonable effort to settle such dispute either by negotiation or with the aid of any machinery of mediation or voluntary arbitration, provided for by law or contract between the parties.”
After weighing all of the testimony and evidence produced in support of and in opposition to this motion, which was full and complete in all its phases, the court finds from a preponderance of the evidence and its interpretation of the purpose and requirements of the statute, that the burden of proof placed upon the plaintiff has been met. The consequences of which is, that the relief sought, with limitations, must be granted.
It is clear from the testimony that unlawful acts have been threatened and committed by the pickets of the defendant at the premises of the plaintiff. Unquestionably picketing is an exercise of a right of free speech guaranteed by the Constitution of the United States (Thornhill v. Alabama, 310 U. S. 88; People v. Muller, 286 N. Y. 281). It is, however, equally clear that picketing that precipitates acts of violence, obstruction or intimidation, or which constitute or tend to breach of the peace may be enjoined. (Bush Jewelry Co. v. United Retail Employees’ Union, 281 N. Y. 150; Florsheim Shoe Store Co. v. Retail Shoe Salesmen’s Union, 288 N. Y. 188.) Mass picketing is unlawful *546 and subject to injunction; particularly if accompanied with threats and vilification (General Elec. Co. v. Peterson, 61 N. Y. S. 2d 813). From the documentary evidence and testimony it appears that since the commencement of the picketing on November 22, there has been substantial mass picketing, and more than isolated instances of abusive language, vilification and actual threats which were accompanied with acts of, violence. The number of pickets have ranged up to 75, and on at least one occasion greatly in excess of this number. It further appears that persons not directly involved in the dispute have been active in picketing. Taken in its entirety prior over-all conduct of the pickets has unquestionably exceeded the bounds of an exercise of free speech and cannot be viewed as understandably arising out of the normal heat of the labor dispute itself.
The evidence regarding the drastic decline in circulation which, to a great extent, has been caused by the picketing activities adequately demonstrates that substantial and irreparable injury to complainant’s property will follow unless the relief requested is granted. Particularly relevant is the testimony regarding the numbers of newspapers printed as opposed to the continual decline in circulation beginning November 22, until plaintiff voluntarily limited its newspaper distribution pending this determination. It appears that a substantial portion of the decline would be attributable to the activities of the pickets in and around the dock area and the reluctance of the distributors, and the public to approach the premises of plaintiff.
There has been no evidence presented as to the capability of the Albany Police Department to furnish adequate protection. There is evidence however that officers assigned to the strike area, due to the circumstances, were unable to adequately cope with the large number of pickets and the long duration of the picketing. The judgment of the Albany Police Department is not in question.. There exists doubt in the mind of the court whether any municipal police force could effectively carry out its normal duties while at the same time constantly provide sufficient protection to insure the maintenance of order and protection to the public as well as the plaintiff in a heavily picketed area. The court senses the legislative intent and finds that the additional burden placed upon the police officers charged with the duty as set forth in the statute cannot be met.
The court further finds, as a matter of law, the facts required in paragraph (c) of subdivision 1 of section 807 greater injury to complainant by a denial of relief than would be inflicted upon defendants by the granting thereof; and under paragraph (d) of subdivision 1 of section 807 complainant has no adequate *547 remedy at law have been established. Nor, in accordance with paragraph (f) of subdivision 1 of section 807 of the Labor Law, will any item of the relief to be granted prohibit directly or indirectly any person or persons from doing any of the 11 acts enumerated in that paragraph.
A considerable portion of the testimony was devoted to the requirement of subdivision 4 of section 807, i.e., the reasonable efforts to settle the dispute. Much of this testimony ran to the very heart of the labor dispute. In determining what is reasonable under the statute, the court is projected to the fringe of the dispute itself where it must take cognizance of its jurisdictional limitations. Suffice it to say in this regard that the testimony shows, among other things, that 35 meetings between the parties have been held over several months and that when questioned upon its good intentions at the commencement of the hearing, plaintiff, at the request of defendant, returned to negotiating on November 28. Evidence by defendant to cast doubt upon plaintiff’s intentions is not convincing. In particular the court refers to the fact that plaintiff received assistance in publishing from, among others, the American Newspaper Publisher’s Association. Taken together with other evidence on this issue, submittal of this proof by defendant, does not carry with it an inference of unwillingness to settle the dispute. Consequently, the court finds that, plaintiff has made every reasonable effort to settle this dispute within the meaning of section 807 of Labor Law.
As a purely gratuitous observation, the court is of the feeling that if the atmosphere .of this hearing can be transferred to the bargaining table a solution, which must come ultimately, can more easily be found, and this most certainly will inure to the benefit of all parties.
Accordingly, the court directs a temporary injunction issue which will restrain and enjoin defendant Guild from (a) engaging in mass picketing; (b) doing or permitting any acts, over which they have control, that will or may cause a breach of the peace; (c) from preventing the lawful ingress or egress by any person to or from plaintiff’s premises.
The motion by the defendant at the close of the hearing upon which decision was reserved is denied; and the motions by the plaintiff at the close of the testimony upon which decision was reserved are granted to the extent that they are not inconsistent with this opinion.
The undertaking previously filed by plaintiff is sufficient and should be continued in that form.
*548 The temporary injunction shall expire 10 days from the entry thereof, unless at the expiration of such period the plaintiff is ready to proceed to trial and shall pay the necessary calendar and trial fees, in which event such temporary injunction shall continue until the trial and determination of this action, or until the further order of this court.