A. Franklin Mahoney, J.
By show cause order the plaintiff, State of New York, seeks an order directing the defendant, Michael P. McMahon, to serve a verified answer to the verified amended complaint.
The defendant McMahon, together with others, was indicted for conspiracy in the third degree, grand larceny in the second degree and for two counts of forgery in the second degree. The two forged instruments were New York State lottery tickets, une in the amount of $50,000 and the uther in the sum of $5,000. The defendant McMahon pleaded guilty to the third count of the indictment against him which alleged forgery in the second degree of the $50,000 lottery ticket. The State of New York only recouped $41,700 of the gross sum of $55,000 and seeks, -by verified amended complaint, to recover in a civil plenary action the balance of $13,300. Said complaint, in two causes of action, alleges that the defendant McMahon, together with others, conspired to, and in fact did, forge and cash two New York State lottery tickets for $55,000 and is now civilly liable for the uncollected ¡balance of $13,300.
The defendant McMahon, by notice attached to his unverified answer, claims to exercise the privilege vested in him pursuant to the United States and New York State 'Constitutions as well *389 as CPLR 3020 (subd. [a]) which, entitles him to refuse, by verification, to expose himself to penalties, forfeiture or crimes.
The plaintiff State contends that since defendant McMahon entered a plea of guilty to one count of the four-count indictment against him, he is no longer subject to criminal prosecution and, consequently, the privilege against self incrimination should not be extended so as to give him the right not to verify his answer. The plaintiff cites CPL 220.30 (subd. 2) which states, “ The entry and acceptance of a plea of guilty to part of the indictment constitutes a disposition of the entire indictment.”
The motion to compel the defendant to verify his answer to the subject amended complaint herein is denied.
Where a pleading is required to be verified because it is in response to a verified pleading, and it is unverified, the attorney who served the verified pleading, in this ease the complaint, may treat the unverified pleading as a nullity, provided that he notify the other side “ with due diligence ”. Due diligence has been held to mean “ within twenty-four hours ” (Westchester Life v. Westchester Mag. Co., 85 N. Y. S. 2d 34). A party who waits longer before giving notice should be held to have waived the objection. Next, if the aggrieved party chooses to treat the unverified pleading as a nullity, and timely serves the required notice on his adversary, said notice must particularize reasons why the verification is defective or, in its absence, why it is required. In the instant case, the notice of return of the answer by the plaintiff 'State was given 48 hours after its receipt and the particularization contained therein is suspect. However, the court need not discuss the deficiencies of the State’s notice because it is unable to find any authority to support the motion.
WTiile a defendant has the option of bringing a motion to compel the plaintiff to accept an unverified answer, the plaintiff does not have the right to seek similar relief via that route. The plaintiff, who has served a verified complaint and received an unverified answer, may choose to treat the unverified answer as a nullity and seek a default judgment (Firm Hannevig & Co. v. Frankel, 207 App. Div. 180). Further, there is authority for the view that the unverified answer served herein is adequate-for the purpose of framing issues to be tried. CPLR 3026 states that pleadings shall be liberally construed and that defects shall be ignored if a substantial right of a party is not prejudiced. Verification is part of a pleading and is, therefore, just as subject to CPLR 3026 as any other part. Next, in the instant case, the nonverification of his answer by defendant McMahon does not in any way prejudice the plaintiff State in offering such *390 probative evidence as it has to support the demand in its complaint. The possibility of prosecuting the defendant for perjury based on false swearing is not the type of prejudice that should become a predicate for the type of compulsory relief sought herein (Capital Newspapers Div., Hearst Corp. v. Vanderbilt, 44 Misc 2d 542; see McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3022, Practice Commentaries, C3022:2, pp. 396, 397). The motion is denied.