OPINION OF THE COURT
Harry Edelstein, J.
In this summary proceeding based upon an alleged holdover, the respondent has moved for an order vacating petitioner’s statement of readiness and note of issue and striking this case from the Trial Calendar on the ground that petitioner has not furnished a bill of particulars which was demanded pursuant to CPLR 3041.
Petitioner opposes the motion contending that there is no provision in the Real Property Actions and Proceedings Law or CPLR permitting respondent to demand a bill of particulars in a special proceeding. Petitioner has, however, furnished a verified bill of particulars which is partially responsive to respondent’s demand.
Respondent’s relpy affirmation again asserts that bills of particulars are appropriate in a summary proceeding and objects to the bill of particulars which was furnished on the grounds that it does not supply all the information requested and requests that the court treat this objection as a motion for an order of preclusion.
*406 Rasch, in his work on New York Landlord & Tenant Law states that "[a]rticle 7 of the Real Property Actions and Proceedings Law * * * has no provision authorizing the courts to make an order directing the delivery of a bill of particulars, either of the landlord’s claim or of a tenant’s counterclaim.” (Rasch, NY Landlord & Tenant [2d ed], § 1334, p 154.) However, that fact does not settle the question involved herein. CPLR 103 (subd [b]), in pertinent part, provides that "[ejxcept where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings.” Leave of court is required for disclosure in special proceedings except for a notice to admit under CPLR 3123. (See CPLR 408.) A summary proceeding to recover real property is a special proceeding. (Real Property Actions and Proceedings Law, § 701.) Disclosure under the CPLR is governed by article 31. Matters pertaining to bills of particulars are not covered in article 31 but are covered in article 30 of the CPLR, Remedies and Pleadings. (See CPLR 3041-3044.) Thus, a bill of particulars is not a disclosure device and CPLR 408 does not require leave of court for its use in a special proceeding. Professor Siegel is in accord with this interpretation and has written that "[a] bill of particulars, which is an amplification of a pleading rather than a disclosure device, has for that reason been held available upon mere demand, without need of court leave, in a special proceeding. Considering again, however, that, in a proceeding, detail usually comes from affidavits supporting the pleadings, a bill of particulars should rarely be needed. The courts should be reluctant to encourage the bill practice in a special proceeding: though not a disclosure device as such, the bill entails steps akin to one and if allowed to become standard could frustrate the purpose of a special proceeding.” (Siegel, New York Practice, § 555, p 772; see, also, Matter of Western Print. & Lithography Co. v McCandlish, 55 Misc 2d 607.)
Article 7 of the Real Property Actions and Proceedings Law does not otherwise prescribe procedures for bills of particulars in summary proceedings. It is silent as to their availability and is likewise silent as to the discovery devices. Rasch correctly states that CPLR 408 governs disclosures in summary proceedings, yet seems to imply that the silence of article 7 of the Real Property Actions and Proceedings Law as to bills of *407 particulars makes them unavailable rather than subject to the normal CPLR rules governing special proceedings. (Cf. Rasch, NY Landlord & Tenant [2d ed], §§ 1333-1334.) No explanation for this distinction is offered.
Thus, this court concludes that a bill of particulars is permissible in a summary proceeding without leave of court so long as it is used for the purpose of amplifying the pleadings, but not as a disguised disclosure device designed to disclose evidentiary matters, and so long as it is not used as a tactic to delay the speedy summary remedy to recover possession of real property which is at the heart of article 7 of the Real Property Actions and Proceedings Law. Item No. 3 in respondents’ demand for a bill of particulars, which is an appropriate item under the above test, has not been supplied.
Accordingly, petitioner is directed to serve a further bill of particulars pursuant to CPLR 3042 (subd d) within 10 days of this decision and order. Respondents’ motion to vacate the statement of readiness and note of issue and strike this case from the calendar is denied.