51 N.Y.2d 737 (1980)
In the Matter of Irma Rodriguez, Respondent,
v.
Moses S. Harris, Appellant, et al., Respondents.
In the Matter of Moses S. Harris, Appellant,
v.
Anthony Sadowski et al., Constituting the Board of Elections of the City of New York, et al., Respondents.
Court of Appeals of the State of New York.
Argued August 27, 1980.
Decided September 2, 1980.
Harry Kresky for appellant.
H. Spencer Kupperman for Irma Rodriguez, respondent.
Chief Judge COOKE and Judges JASEN, GABRIELLI, JONES and WACHTLER concur; Judge FUCHSBERG concurs in result in a separate memorandum in which Judge MEYER concurs.
*738 MEMORANDUM.
The order of the Appellate Division should be reversed, without costs.
It was the factual determination of Special Term that there was no proof of forgery or fraud or that the candidate himself had participated in or had any knowledge of the irregularities in the designating petition. In this circumstance the conclusion that, that, among 4,336 signatures held valid by the Board of Elections (out of a total 6,000 signatures), 9 signatures were invalid because they had not been taken by the notary or by the subscribing witness is insufficient as a matter of law to establish fraud as to the method or on the part of the persons collecting the signatures or a pattern of irregularities, such as in either instance could be said to have permeated the entire designating petition.
FUCHSBERG, J. (concurring).
I write separately because I believe we should note that, as the objectant conceded at argument, appellant's so-called "team" method of gathering *739 signatures was not per se improper or irregular. That said, I agree that, under the circumstances of this case, viewed either in the context of this modus operandi or by itself, it cannot be said that the disputed claim that the subscribing witnesses did not in fact administer oaths to 9 of the signators was sufficient to make out a case of permeation of the 6002-signature petition.
Order reversed, without costs, and the judgments of Supreme Court, Kings County, reinstated in a memorandum.