51 N.Y.2d 747 (1980)
In the Matter of Gordon Haskell, Appellant,
v.
Frank X. Gargiulo et al., Constituting the Board of Elections of the City of New York, and Barry Hurowitz, Respondent.
In the Matter of Irma Rodriguez, Appellant,
v.
Richard A. Izzo et al., Respondents.
Court of Appeals of the State of New York.
Argued September 5, 1980.
Decided September 5, 1980.
Martin Connor for Gordon Haskell, appellant.
Robert Allen Muir, Jr., for Irma Rodriguez, appellant.
Jerome Seidell for Barry Hurowitz, respondent.
Richard A. Izzo, respondent pro se.
Judges JASEN, GABRIELLI, JONES, WACHTLER and MEYER concur; Chief Judge COOKE and Judge FUCHSBERG dissent and vote to affirm in a dissenting memorandum.
*748 MEMORANDUM.
The orders of the Appellate Division should be reversed, and the matters remitted to that court for consideration of the facts (CPLR 5613).
Special Term held that the petitions should be invalidated after finding that 12 of the signatories had not made the required affirmation. In addition, and more importantly, the court found that Steven Izzo, respondent's brother, had misrepresented to a signatory, who did not speak English, that the petition related to a different candidate. The court also found that the candidate himself acted as a subscribing witness to at least one signature which had actually been taken by another person. Finally, the court noted that respondents failed to call subscribing witnesses under their control. Based on these factual determinations and the inferences expressly drawn therefrom the court concluded that all the petitions with signatures gathered by the subscribing witnesses involved in such fraud and irregularities were tainted and should be invalidated.
The Appellate Division erred in holding that this evidence was insufficient "as a matter of law" to support Special Term's determination (cf. Matter of Mercorella v Benza, 37 N.Y.2d 792). Here the instances of fraud found by Special Term go beyond the irregularities found in Matter of Rodriguez v Harris (51 N.Y.2d 737; see, also, Matter of Caruso v Casciola, 27 N.Y.2d 657) and permeate all the petitions obtained by the subscribing witnesses involved, reducing the number of valid signatures to less than that required.
Chief Judge COOKE and FUCHSBERG, J. (dissenting).
Because we find this case indistinguishable from our recent decision in Matter of Rodriguez v Harris (51 N.Y.2d 737)  where this court found the proof of permeation to be "insufficient as a matter of law"  we are compelled to dissent. The determination of the Appellate Division should be affirmed.
*749 These two proceedings seek to invalidate petitions designating Democratic Party primary candidates for the offices of Representative to the United States Congress and Civil Court Judge. Special Term granted the petition to invalidate, relying heavily upon the failure of respondents to produce the subscribing witnesses to the designating petition. A unanimous Appellate Division reversed, and found insufficient proof of permeation as a matter of law. This court now reverses, on the basis of the testimony of no more than 12 signatories  out of a total of more than 1,500 signatories  who testified that no oath was administered to them. In so doing the court cites no evidence indicating a pattern of fraud or irregularities in the signature gathering method or on the part of the persons collecting the signatures. Absent such proof, a case of permeation has not been made out, as a matter of law (Matter of Rodriguez v Harris, supra).
The Harris case, decided but three days ago, is now effectively being discarded by the majority. In Harris, as here, there were comparatively few irregularities, no proof of a pattern of misconduct, and a person close to the candidate, the campaign manager, participated in gathering signatures. Nonetheless, this court held the failure to prove a pattern of misconduct to be decisive.
There exists no justification for ignoring Harris, as it correctly reflects the interaction of the principles of law governing this area. The Harris case is premised on two settled rules: first, the petitioner in a proceeding to invalidate bears the burden of proof (e.g., Matter of Dilan v Carulli, 41 N.Y.2d 1054); second, there is a presumption that the acts of a public official  a notary public or commissioner of deeds who administers oaths to signatories  are regular (e.g., Matter of Rittersporn v Sadowski, 48 N.Y.2d 618, 619). The presumption is a strong one, and even applies where the commissioner of deeds is the candidate himself (id.). These postulates are well rooted in the reality that a drive for a large number of signatures in the compass of the limited petitioning period allowed by the statute almost inevitably will be accompanied by imperfections. A contrary expectation would border on the naive and unwarrantedly discourage access to the electoral process.
To allow permeation to be established without proof of a pattern of irregularities is to invert the presumption of regularity; it is, in effect, to presume irregularity based on proof of but a few isolated instances. Moreover, to draw any inference *750 from the candidates' failure to put in any evidence is to ignore the burden of proof.
Thus, the two fundamental legal principles reflected in the Harris decision dictate that a case of permeation is established only upon proof both of irregularities and a pattern of misconduct. Here, only a few irregularities have been found, but there is no evidence of any pattern. For this reason, permeation has not been shown, as a matter of law.
Matter of Mercorella v Benza (37 N.Y.2d 792), cited by the majority, is inapposite. There, it was stated that "[b]ased on the record in this case" the conclusion of the Appellate Division was erroneous  because as shown by the record, there was no transcript available on which the Appellate Division conclusion could be predicated. The record in the present case clearly reveals the failure of proof.
In sum, while ordinarily permeation questions are ones of fact, in this case, where in a petition containing over 1,500 signatures only 12 of the signatories were proved to have been unsworn, and no pattern of irregularities has been shown, the Appellate Division committed no error when it found that these and the other irregularities were insufficient to invalidate the petition as a matter of law (Matter of Rodriguez v Harris, 51 N.Y.2d 737).[*]
In each case: Order reversed, without costs, and the matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.
NOTES
[*] While four signatures were found not to be genuine, there is no finding as to who was responsible for those signatures.