■ In the Matter of PRISCILLA WOOTEN, Appellant-Respondent, v CHARLES BARRON et al., Respondents-Appellants, et al., Respondents. [661 NYS2d 266] —In a proceeding to invalidate a petition designating Charles Barron as a candidate in a primary election to be held on September 9, 1997, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York City Council from the 42nd Council District, Priscilla Wooten appeals from a judgment of the Supreme Court, Kings County (Garry, J.), dated August 5, 1997, which dismissed the proceeding, and Charles Barron and Sharon Smith cross-appeal, as limited by their brief, from so much of the same judgment as, in effect, denied their motion to sanction Priscilla Wooten for frivolous conduct.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, Priscilla Wooten, contends that the Supreme Court erred in dismissing her petition on the ground that the "bill of particulars and offer of proof" (hereinafter bill of particulars) filed in conjunction therewith was insufficient to comply with Justice William Garry's Rules for the Special Election Part of the Supreme Court, Kings County (hereinafter the rules).

Contrary to Wooten's contention, the Supreme Court's failure to delineate the provision of the rules with which her bill of particulars failed to comply does not warrant reversal. The record clearly reflects that the arguments before the Supreme Court related to the alleged overbreadth, lack of specificity, and untimeliness of the bill of particulars.

The bill of particulars was not sufficiently specific to meet the requirements of the rules for petitions "alleging a question of fraud". Wooten failed to list all of the witnesses expected to be called, to identify them by "name, address, volume, page, and line", and to note the status of each witness. While the bill of particulars attempts to provide this information by reference to outside documents, we note that at least one exhibit to which it refers was not attached to the bill of particulars. Wooten's contention that she should have been given the opportunity to cure the defects in her bill of particulars is likewise without merit. Any supplemental submissions would have been in violation of Justice Garry's time limitations therefor (see, Matter of Rivera v Ortiz, 207 AD2d 516).

Wooten's further argument that the delay should have been excused by the Supreme Court since the bill of particulars was in "substantial compliance" with the rules, and the respondents-appellants were not prejudiced thereby, is without merit. This court has held that the insistence by the Supreme Court on strict adherence to its rules for submissions of petitions under Election Law article 16 is not an improvident exercise of discretion (see, Matter of Rivera v Ortiz, 207 AD2d 516, supra).

Wooten's remaining contentions do not require reversal.

Finally, the Supreme Court did not improvidently exercise its discretion in denying the motion by the respondents-appellants to sanction Wooten for frivolous conduct (see, 22 NYCRR 130-1.1 et seq.). Bracken, J. P., Copertino, Altman, McGinity and Luciano, JJ., concur.