In the Matter of DAWN ROBINSON et al., Respondents, v CENCERIA P. EDWARDS, Appellant, and BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent. (Proceeding No. 1.) In the Matter of CENCERIA P. EDWARDS, Appellant, v BOARD OF ELECTIONS IN THE CITY OF NEW YORK et al., Respondents. (Proceeding No. 2.) [865 NYS2d 223]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Cenceria P. Edwards as a candidate in a primary election to be held on September 9, 2008 for the nomination of the Democratic Party as its candidate for the public office of Member of the Assembly and the party position of Female Member of the Democratic State Committee, 56th Assembly District, and a separate proceeding pursuant to Election Law § 16-102, among other things, to validate the

designating petition, Cenceria P. Edwards appeals from a final order of the Supreme Court, Kings County (Schmidt, J.), dated August 15, 2008, which, upon denying her motion to dismiss the petition to invalidate pursuant to CPLR 3016 (b), after a hearing, granted the petition to invalidate, dismissed the petition to validate, invalidated the designating petition, and directed the Board of Elections in the City of New York to remove her name from the ballot.

Ordered that the final order is reversed, on the law, without costs or disbursements, the motion to dismiss the petition to invalidate pursuant to CPLR 3016 (b) is granted, proceeding No. 1 is dismissed, the petition to validate is denied as unnecessary, the designating petition is reinstated, and the Board of Elections in the City of New York is directed to add the name of Cenceria P. Edwards to the appropriate ballot.

The petitioners in proceeding No. 1 (hereinafter the petitioners) failed to plead the fraud claims with the requisite specificity (see CPLR 3016 [b]; Matter of Waugh v Nowicki, 10 AD3d 437, 438 [2004]; Matter of Naples v Swiatek, 286 AD2d 567, 568 [2001]; Matter of Wooten v Barron, 242 AD2d 351, 352 [1997]). Moreover, the petitioners' bill of particulars was insufficiently detailed to apprise the candidate of the allegations being made against her designating petition (see Matter of Edelstein v Suffolk County Bd. of Elections, 33 AD3d 945, 946 [2006]; Matter of Brotherton v Suffolk County Bd. of Elections, 33 AD3d 944, 945 [2006]; Matter of Belak v Rossi, 96 AD2d 1011 [1983]; cf. Matter of Venuti v Westchester County Bd. of Elections, 43 AD3d 482, 484 [2007]). Accordingly, the Supreme Court should have granted the candidate's motion to dismiss the petition to invalidate pursuant to CPLR 3016 (b).

In any event, on the merits, the Supreme Court improperly invalidated the designating petition upon finding that 240 signatures were invalid. "Generally, a candidate's designating petition will only be invalidated on the ground of fraud if there is a finding that the entire designating petition is permeated with fraud" (Matter of Drace v Sayegh, 43 AD3d 481, 482 [2007]; see Matter of Tapper v Sampel, 54 AD3d 435 [2008]; Matter of Perez v Galarza, 21 AD3d 508, 508-509 [2005]). Fraud must be proved by clear and convincing evidence (see e.g. Matter of Butler v Duvalle, 32 AD3d 514 [2006]). While a finding that a designating petition is "permeated with fraud" supports the invalidation of the entire petition (Matter of Tapper v Sampel, 54 AD3d 435, 436 [ 2008], quoting Matter of Drace v Sayegh, 43 AD3d at 482; see Matter of Perez v Galarza, 21 AD3d at 508-509), where the irregularities in the petition are not found by clear and

convincing evidence to have been the result of fraud, only the invalid signatures or improperly subscribed designating sheets should be stricken (*see Matter of Perez v Galarza,* 21 AD3d at 509; *Matter of Hennessey v DiCarlo,* 21 AD3d 505, 506 [2005]; *Matter of Previdi v Matthews,* 186 AD2d 101, 102 [1992]; *Matter of O'Donnell v Ryan,* 19 AD2d 781 [1963], *affd* 13 NY2d 885 [1963]; *see also Matter of Rodriguez v Harris,* 51 NY2d 737, 738 [1980]).

Here, the Supreme Court did not find that the candidate's designating petition was permeated with fraud, but it still invalidated 240 signatures after finding irregularities with respect to several specific signatures. Our review of the record reveals that only 16 of the stricken signatures were invalid or executed on an improperly subscribed designating sheet. The remaining 224 signatures in question were improperly invalidated by the Supreme Court. When these 224 signatures are restored to the designating petition, the candidate has a sufficient number of signatures.

In light of our determination, and since the Board of Elections in the City of New York validated the designating petition, the petition to validate should have been denied as unnecessary. Fisher, J.P., Balkin, McCarthy and Eng, JJ., concur. [*See* 2008 NY Slip Op 51774(U).]