OPINION OF THE COURT
David I. Schmidt, J.
Respondent candidate Adolfo Carrion Jr. moves for an order dismissing the action based on the petitioners’ lack of standing in light of their failure to file specifications of objections with the respondent, the Board of Elections in the City of New York, and based on the lack of specificity of the bill of particulars.
The motion is granted and the petition is dismissed and/or denied.
Election Law § 16-102 (1) provides that a proceeding to challenge the nomination of any candidate for any public office “may be contested in a proceeding instituted in the supreme court by any aggrieved candidate, or by the chairman of any party committee or by a person who shall have filed objections, as provided in this chapter.”[1] Petitioners, who identify themselves as citizen objectors, state that they filed “general objections with the board,” but concede that they did not file specifications of objections with the Board. Since petitioners do not claim to be aggrieved candidates or the chairs of any party committee, and since they have failed to file specifications of objections with the Board, they do not have standing under section 16-102 (1) to commence this proceeding (see Matter of Margolis v Larkin, 39 AD2d 951, 951-952 [2d Dept 1972], affd 30 NY2d 876 [1972]; see also Matter of Nicolai v Kelleher, 45 AD3d 960, 963-964 [3d Dept 2007]; Matter of Sgambati v New York City Bd. of Elections, 224 AD2d 564, 564 [2d Dept 1996]; Matter of Taylor v Redmond, 239 App Div 112, 112 [4th Dept 1933]).
Petitioners, in essence, however, assert that they did not file specifications for objections because they were misled by the *358 Board’s rules for the September 10, 2013 primary, which, as relevant here, state that the Board believes that the Supreme Court, not the Board, is the appropriate forum for the determination of allegations of fraud (Board of Elections in the City of New York, Designating Petition and Opportunity to Ballot Petition Rules for the September 10, 2013 Primary Election, rule H8, at 12 [adopted Apr. 16, 2013], available at http://vote. nyc.ny.us/downloads/pdf/documents/boe/2013SeptemberPrimary Election/Final%20PRE-CLEARED%20and%20ADOPTED%20%20Sept%2010%202013%20PRIMARY%20-Desgingating%20 %200TB%20Rules.pdf).[2] This rule is consistent with case law holding that the Board does not have the power to reject a petition based on matters not appearing on the face of the petition (Schwartz v Heffernan, 304 NY 474, 480 [1952]; Matter of Scaturro v Maloney, 76 AD3d 688, 690 [2d Dept 2010]). Nothing in the rule, however, suggests that a citizen objector will be excused from Election Law § 16-102’s requirement that he or she must file specifications of objections with the Board in order to have standing to commence a proceeding challenging the nomination of a candidate. Indeed, by stating that the Board does not “ordinarily” or “generally” determine allegations of fraud, the rule leaves open the possibility that the Board will address a fraud issue. Accordingly, petitioners’ failure to file specifications before the Board cannot be excused under any estoppel theory, as nothing in the rule can be read as an affirmative misrepresentation regarding the need to file specifications of objections for purposes of standing, and, in light of the case law and clear statutory requirements, it would be unreasonable for petitioners to rely on the rule as a basis for concluding that there was no need to file specifications of objections to bring a fraud claim *359 (see Mohl v Town of Riverhead, 62 AD3d 969, 970 [2d Dept 2009]).
Turning to what amounts to a due process/equal protection argument, petitioners assert that it is unfair to impose the additional requirement that a citizen objector have filed specifications of objections with the Board where there is no such requirement for an aggrieved candidate or chair of any party committee. Standing, generally, is intended to limit a person’s right to judicial relief to those parties who have an interest in the result that is more particularized than that of the public generally (see e.g. Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d 401, 408-411 [2000]; 82 NY Jur 2d, Parties § 13). Certainly an opposing candidate and persons involved in a party’s hierarchy have such a particularized interest in challenging a petition to be a candidate for the party at a primary. By adding the requirement that a citizen objector file specifications with the Board, the legislature has limited the category of citizen objectors to those who have shown an interest in the proceedings by the filing of objections. Although the filing of such specifications with the Board may have little practical effect where the claim involves allegations of fraud, retaining the requirement that specifications be filed with the board for citizen objectors has a rational basis of distinguishing the objector from the general public, and thus does not violate any due process or equal protection rights (see Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 59 [2011]).[3]
Aside from the issue of standing, respondent candidate also asserts that petitioners’ bill of particulars fails to allege fraud with specificity (Matter of Robinson v Edwards, 54 AD3d 682 [2d Dept 2008]; Matter of Waugh v Nowicki, 10 AD3d 437, 438 [2d Dept 2004]; Matter of Wooten v Barron, 242 AD2d 351, 352 [2d Dept 1997]; see also Small v Lorillard Tobacco Co., 94 NY2d 43 [1999]; CPLR 3016 [b]). The bill of particulars consists of a conclusory allegation that the respondent candidate’s petition is permeated with fraud and a reference to an exhibit A, which is a summary of petitioners’ review of the petitions that notes that petitioners identified a certain number and percentage of signatures as forgeries. The bill of particulars further refers to New York Daily News articles addressing improper practices by the Independence Party’s leadership. In addition, petitioners *360 have attached copies of 25 signatures from the petition and the related voter registration records to the bill of particulars and assert that these signatures are forgeries and that they intend to call as witnesses the petition carriers for those 25 signatures. Finally, petitioners have also submitted specification sheets (which, as noted above, were not filed with the Board) that identify the signatures that petitioners claim to be forged. Of note, petitioners do not state that they intend to call a handwriting expert, and they do not allege any candidate involvement and they have not identified any improper signature gathering procedures other than the allegation that the signatures do not match the voter registration records.
These conclusory allegations simply fail to plead fraud with any specificity (Matter of Robinson, 54 AD3d at 684; Matter of Waugh, 10 AD3d at 438), and the Daily News’ articles, assuming that they could be considered, have no direct bearing on the gathering of signatures for the instant petition. Moreover, without any allegations of candidate involvement or improper signature gathering practices (see Matter of Bronson v Cartonia, 10 AD3d 469, 470-471 [3d Dept 2004], lv denied 3 NY3d 603 [2004]), the fact that a percentage of the total signatures are alleged to be forgeries because they do not match the buff cards is simply insufficient to demonstrate that the petitions are permeated with fraud (see Matter of Robinson, 54 AD3d at 684; Matter of Del Pellegrino v Giuliani, 153 AD2d 724, 725 [2d Dept 1989]; Matter of Pilat v Sachs, 59 AD2d 515, 516 [1st Dept 1977], affd 42 NY2d 984 [1977]; Matter of Lefkowitz v Cohen, 262 App Div 452, 454-456 [1st Dept 1941], affd 286 NY 499 [1941]). Accordingly, the respondent candidate is entitled to the dismissal/denial of the petition.

. The procedures for filing specifications of objections with the Board are governed by Election Law § 6-154 (2).

. Board Rule H8 provides that
“[b]ecause the Board believes that the appropriate forum for determination of allegations of forgery or fraud is in an invalidating proceeding commenced in the Supreme Court pursuant to Election Law § 16-102, the Board does not ordinarily rule on such allegations. In the rare case where an objector seeks to obtain a ruling from the Board on an issue of fraud, or on a factual issue which cannot be determined from documents already filed with the Board (such as petitions, registration records, party call, party rules, etc.), the specifications must set forth the factual allegations with particularity. The objector should submit with the specifications copies of any documents or affidavits that are required in order for the Board to rule on the issue. Notwithstanding such a submission, the Board will generally decline to rule on any allegation of fraud.”

. The court makes no determination of whether petitioners can appropriately raise these constitutional challenges to the standing requirements of Election Law § 16-102 (1) in the context of this special proceeding.