OPINION OF THE COURT
David I. Schmidt, J.
Respondent candidate Mathieu Eugene moves for an order: (1) dismissing the petition based on petitioner Saundra Thomas’ failure to state her fraud allegations with particularity in her petition and bill of particulars and, alternatively, (2) striking Thomas’ bill of particulars and precluding petitioner Thomas from presenting proof with respect to the allegations contained *420 in the bill of particulars based on Thomas’ failure to verify the bill of particulars.[1]
The portion of the motion requesting dismissal of the petition is granted and the petition is dismissed.[2]
Turning to the issue relating to the verification of the bill of particulars, this court finds that the failure to verify the bill of particulars is not a fatal defect requiring preclusion of petitioner’s fraud allegations contained in the unverified bill of particulars. Eugene argues that Thomas’ bill of particulars is defective because it is not verified, in contravention of CPLR 3044, which requires verification if a pleading is verified. Verification would be required if CPLR 3044 is applicable, because Election Law § 16-116 requires that a petition under the Election Law must be verified, and Thomas’ petition here was indeed verified. Nevertheless, this court is not convinced that the “bill of particulars” required by this court’s special election part rules constitutes a bill of particulars under the CPLR. Importantly, while CPLR 3041 broadly provides that “[a]ny party may require another party to give a bill of particulars of such party’s claim,” CPLR 3042 (a) lays out demand and response procedures for a bill of particulars that cannot realistically be accomplished within the time constraints of an Election Law proceeding. Concededly, the bill of particulars under the part rules is intended to amplify the petition much as one required under the CPLR (see Matter of Wooten v Barron, 242 AD2d 351, 352 [2d Dept 1997]). CPLR 3042 (a)’s demand and response procedure, however, is a crucial component of a bill of particulars under the CPLR, and, in the absence of any such procedures under the special election part rules, the bill of particulars required by the special election part rules is not covered by CPLR or the verification requirement contained in CPLR 3044. As the special election part rules do not require *421 that the bill of particulars be verified, petitioner’s failure to verify her bill of particulars does not render it defective.
Even if Thomas’ bill of particulars was subject to the verification requirement of CPLR 3044[3] and the CPLR’s other requirements for a bill of particulars to the extent that they are not inconsistent with the requirements of a special proceeding or the Election Law (see Tower Props. v Castro, 99 Misc 2d 405, 406-407 [Rockland County Ct 1979]; CPLR 101, 103 [b]), this court finds that the failure to verify under the circumstances here would not require preclusion of the claims alleged in the unverified bill of particulars. Unlike petitions in election matters (see Matter of Goodman v Hayduk, 45 NY2d 804, 806 [1978] [failure to verify petition in election matter jurisdictional]; but see Matter of Miller v Board of Assessors, 91 NY2d 82, 86 [1997] [failure to verify petition in a tax certiorari proceeding is not jurisdictional]), the verification requirement relating to a bill of particulars is not jurisdictional. This is evident because the bill of particulars required by the special election part rules is not one of the papers required to be served at the commencement of a proceeding in order to obtain jurisdiction over a party (Election Law § 16-116).
In an action, when the party properly raises an objection to an unverified pleading, the remedy, in the absence of any willful or contumacious failure to verify, would be either to direct the submission of a verified bill of particulars, or to strike the unverified bill, but with leave to resubmit (see Matter of Ross, 34 Misc 2d 1018, 1019 [Sur Ct, Nassau County 1962]; see also Dodd v Colbert, 64 AD3d 982, 984 [3d Dept 2009]). Here, this court cannot make such a direction because of the extreme time constraints of Election Law proceedings. Under these circumstances, and in light of the absence of any real prejudice to a substantial right that results from the absence of verification, the court will excuse the absence of verification (see Capital Newspapers Div. — Hearst Corp. v Vanderbilt, 44 Misc 2d 542, 543-544 [Sup Ct, Albany County 1964]; see also Matter of Rose v Smith, 220 AD2d 922, 923 [3d Dept 1995]; cf. Deepdale Gardens Third Corp. v Bechky, 104 AD2d 846, 846 [2d Dept 1984], ap *422 peal dismissed 64 NY2d 754 [1984], lv dismissed 64 NY2d 610 [1985], 65 NY2d 636 [1985]).[4]
Eugene also contends that the petition and bill of particulars fail to plead fraud with particularity. CPLR 3016 (b)’s requirement that fraud be pleaded with specificity applies to special proceedings under the Election Law (Matter of Robinson v Edwards, 54 AD3d 682, 683 [2d Dept 2008]; Matter of Waugh v Nowicki, 10 AD3d 437, 438 [2d Dept 2004], lv denied 3 NY3d 603 [2004]; Matter of Wooten, 242 AD2d at 352). While CPLR 3016 (b) does not require the pleadings to provide unassailable proof of fraud, the pleadings must still allege sufficient facts to allow the judge to infer a candidate’s participation or knowledge of fraudulent conduct (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491 [2008]; Polonetsky v Better Homes Depot, 97 NY2d 46, 55 [2001]; see also Matter of Robinson, 54 AD3d at 683).
Here, in the verified petition, Thomas alleges that Eugene’s designating petition should be set aside because:
“(a) Respondent-Candidate is chargeable with knowledge of fraud in the procurement of signatures in the Designating Petition: to wit, upon information and belief, many of the signatures purportedly obtained by his brother as a Subscribing Witness were not signed properly or not signed by the registered voter the signature is purportedly from, or is forged;
“(b) the Designating Petition is permeated with fraud in that:
“(1) many of the signers did not sign their names to the Designating Petition in the presence of the subscribing witness on the dates indicated in the Designating Petition;
“(2) many of signatures were obtained by fraud:
“(3) many signatures have been altered;
“(4) many witness statements have been altered;
“(5) many signatures have been forged;
“(6) many of the subscribing witnesses’ initials have *423 been forged;
“(7) many witness statements .have been signed before completed.”
In the bill of particulars, petitioner notes that a schedule of objections to various signatures on the petition sheets is annexed,[5] and then states:
“This is a fraud case - permeation of fraud; and fraud chargeable to the candidate “The witnesses who will be called are the 5 Subscribing Witnesses indicated, and the 97 signers as identified on the annexed schedule. The candidate will also be called as a witness, as will a handwriting expert.”
These are the entirety of the allegations relating to Thomas’ fraud claims. The only allegations relating to candidate involvement is Thomas’ assertion that Eugene is chargeable with knowledge of fraud because many of the improper signatures were obtained by Eugene’s brother, who acted as a subscribing witness. There, however, are no further allegations regarding whether Eugene’s brother had any position on Eugene’s campaign staff, regarding the relationship between Eugene and his brother, or regarding the role Eugene himself had in the petition process. Without such detail, no factfinder could reasonably infer that Eugene must be charged with the improprieties committed by his brother (see High Tides, LLC v DeMichele, 88 AD3d 954, 959 [2d Dept 2011]; cf. Pludeman, 10 NY3d at 491). As such, the petition and bill of particulars fail to allege candidate involvement with any specificity (see Matter of Robinson, 54 AD3d at 683).
Similarly, the petition only contains conclusory assertions of improper signature gathering procedures, and the fact that a person other than the registered voter may have signed the petition does not, in and of itself, demonstrate that the subscribing witness committed fraud in obtaining the signatures (see Matter of Pilat v Sachs, 59 AD2d 515, 516 [1st Dept 1977], affd 42 NY2d 981, 984 [1977]; Matter of Lefkowitz v Cohen, 262 App Div 452, 454-456 [1st Dept 1941], affd 286 NY 499 [1941]). Finally, the presence of 97 allegedly forged signatures in a designating petition conceded to contain over 5,000 signatures fails to demonstrate that the designating petition is permeated *424 with fraud (see Matter of Robinson, 54 AD3d at 684; Matter of Del Pellegrino v Giuliani, 153 AD2d 724, 725 [2d Dept 1989]; Matter of Pilat, 59 AD2d at 516; Matter of Lefkowitz, 262 App Div at 454-456). Under these circumstances, the petition and bill of particulars fail to allege fraud with the requisite specificity, and the petition must be dismissed and/or denied.[6]

. Eugene had also originally moved to dismiss the petition based on the inadequacy of the service of the order to show cause and petition. Eugene has since withdrawn that portion of his motion.

. The court notes that after oral argument on the record, the court gave the parties permission to submit papers addressing the issues before the court and the parties thereafter submitted legal memoranda. At the same time, the court indicated that it would reserve decision on the motion, and referred the trial of the proceeding to Justice Karen Rothenberg. This referral was made, in view of the time constraints presented in election matters, in order to insure a complete record and to avoid the need for the Appellate Division to remand the matter for a trial.

. If CPLR 3044 is applicable to the bill of particulars required by the special election part rules, the bill of particulars would have to be verified because Election Law § 16-116 requires the verification of petitions under the Election Law.

. The primary purpose behind the verification requirement is to provide some assurance of the bona fides of a party’s claim (Sandymark Realty Corp. v Creswell, 67 Misc 2d 630, 631-632 [Civ Ct, NY County 1971]). This assurance is already provided here, at least to some extent, by the verification of the petition. Moreover, the verification requirement has no bearing on whether a bill of particulars serves its function in amplifying claims made in the petition.

. In these attached specifications Thomas challenges 97 signatures. Thomas alleges that all of these 97 signatures are forged, and raises some additional objections with respect to many of the signatures.

. The court has viewed the bill of particulars and petition submitted to the court and found insufficient in Matter of Robinson (54 AD3d at 684) (these records in Matter of Robinson, index No. 700010/08 have been scanned and are contained in the Kings County Clerk’s computer database) and notes that the pleadings in Matter of Robinson contained more detail regarding the alleged fraud than the petition and bill of particulars at issue here.