**Matter of Jones v Thompson**

2024 NY Slip Op 31519(U)

April 29, 2024

Supreme Court, Kings County

Docket Number: Index No. 510864/24

Judge: Peter P. Sweeney

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At the Special Election Part 1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 29th day of April, 2024.

P R E S E N T:

HON. PETER P. SWEENEY,
                              Justice.
-------------------------------------------------------------------------X
IN THE MATTER OF THE APPLICATION OF,

ANTHONY T. JONES

                        PETITIONER-OBJECTORS/AGGRIEVED CANDIDATE,

                -against-                        Index No. ~~510846/24~~
                                                          *510864/24*

JAMMEL THOMPSON, DION C. QUAMINA, AND CLIFTON A. HINTON,

                            RESPONDENTS-CANDIDATES,

                       -AND-

THE BOARD OF ELECTIONS IN THE CITY OF
NEW YORK,

                            RESPONDENT
-------------------------------------------------------------------------X

The following e-filed papers read herein:           NYSCEF Doc. Nos.:

Order to Show Cause/Petition _____       _____1-2_____
Other papers_____       _____3-9_____

     Upon the foregoing papers, the court rules as follows.  On or about April 1, 2024,

respondent-candidates Jammel Thompson, Dion C. Quamina, and Clifton A. Hinton filed

with the respondent Board of Elections in the City of New York (the Board) a designating

petition seeking to be placed on the ballot in the June 25, 2024 Democratic Primary

1

Election for the party positions of Member of the Democratic State Committee from the 55th Assembly District. Thereafter, specifications of objections were served with the Board challenging signatures in Mr. Thompson and Mr. Quamina's petition. However, the specifications of objections were ultimately rejected by the Board based upon alleged defects. Once this occurred, petitioner's only remaining mechanism in seeking to invalidate the designating petition was to file de-novo specifications of objections with the court in his capacity as an aggrieved candidate.[1]

On April 16, 2024, petitioner-objector/aggrieved candidate Anthony T. Jones (petitioner) commenced the instant invalidating proceeding against Mr. Thompson, Mr. Quamina, and Mr. Hinton and the matter was made returnable for April 22, 2024. During the early morning hours of April 22, 2024, petitioner electronically filed on NYSCEF copies of a verified bill of particulars which contained de-novo specifications of objections which purported to challenge the signatures in the designating petition. However, it is undisputed that the wrong verification and specifications were filed as they related to an entirely different invalidating proceeding. At the calendar call of the case, petitioner's attorney appeared but none of the respondent candidates appeared. However, no motion was made to hold them in default and the matter was adjourned to April 24, 2024.

On April 24, 2024, the parties appeared before the court and Mr. Quamina made an oral motion to dismiss the invalidating proceeding based upon the fact that the wrong verification and specifications of objections had been filed against the designating petition.

---

[1] Under the Rules of the Special Election Part, specifications of objections "previously filed and served in accordance with the Rules of the Board of Elections in the City of New York need not be filed with the court." Here, the Board ruled that the specifications were not filed and served in accordance with its rules.

2

[* 2]

In response, petitioner contended that the court should hold the respondent candidates in default for failing to appear at the April 22, 2024 calendar call and the court should otherwise reject the motion to dismiss inasmuch as the Election Part Rules require that all motions be made on the initial return date. Thereafter, the court directed that the parties submit papers to the court regarding the motion to dismiss on April 25, 2024 and adjourned the matter to April 26, 2024 for oral argument on the motion. At 11:47 am on April 24, 2024, after the parties appeared before the court, petitioner electronically filed on NYSCEF an amended bill of particulars which contained the correct verification and specifications of objections. On April 25, 2024, Mr. Quamina submitted a written motion to dismiss to the court and the parties appeared before the court on April 26, 2024 where they essentially reiterated the arguments that they had previously raised.

Initially, petitioner's April 24, 2024 application to hold respondent candidates in default based upon their failure to appear in court on April 22, 2024 is denied as it was not made in a timely manner. Further, while it is true the Election Part Rules require that motions to dismiss be made on the initial return date, under the circumstances of this case, it would be inappropriate to penalize respondent candidates for failing to move to dismiss based upon a defective verified bill of particulars that was electronically filed at 3:41 am on the return date as they lacked adequate notice of the defect at the time of the calendar call.

Turning to the motion to dismiss, due to the extremely tight timeframe in which this court must complete its work prior to the deadline for filing appeals, the Rules for the Special Election Part states that all "specifications of objections...shall be filed no later

3

[* 3]

than the time of the calendar call on the initial return date" and the "[f]ailure to file same shall be deemed a waiver and further proof shall be precluded." Moreover, the court's April 16, 2024 order to show cause in this matter contained a provision stating that "[a]ll parties are advised to review the Rules for the Kings County Special Election Part, which can be accessed via Judge Peter P. Sweeney's Election Part Rules on the Kings County Supreme Court, Civil Term home page." Thus, petitioner is deemed to have had notice of this rule. Here, the petitioner failed to file the correct specifications of objection prior to, or at the time of, the court's April 22, 2024 calendar call. Petitioner further failed to file the correct specifications of objections when the matter was called on the April 24, 2024 adjourn date, presumably because petitioner was unaware that he had filed the wrong specifications of objections until respondent Quamina orally moved to dismiss the instant invalidating petition. Under the circumstances, petitioner was precluded under the Election Part Rules from untimely filing the correct specifications of objections (*Matter of Wooton v Barron*, 242 AD2d 351, 352 [1997]). Accordingly, respondent Quamina's motion to dismiss the instant invalidating petition is granted and it is hereby:

**ORDERED** that that the instant invalidating petition is denied and dismissed.

This constitutes the decision and final order of the court.

ENTER FORTHWITH

_____
J.S.C.

**HON. PETER P. SWEENEY, J.S.C.**

4

[* 4]