◼ In the Matter of the Estate of SOL GOLDMAN, Deceased. LILLIAN GOLDMAN, Appellant; JANE H. GOLDMAN et al., as Coexecutors of SOL GOLDMAN, Deceased, Respondents.—Order, Surrogate's Court, New York County (Marie M. Lambert, S.), entered April 12, 1988, which denied petitioner Lillian Goldman's request for an advance payment of her claimed beneficial interest in the estate of her deceased husband, Sol Goldman, without prejudice to renewal upon establishing that she is a "surviving spouse" pursuant to EPTL 5-1.2, and which granted advance payments to the children of Sol and Lillian Goldman, respondents Jane Goldman and Allan Howard Goldman, as well as their sisters, Diane Betty Kemper and Amy Patrice Goldman, unanimously modified, on the law, the facts and as an exercise of discretion, to the extent that Jane H. Goldman, Allan H. Goldman, and Louisa Little, or their duly qualified successors, as preliminary executors of the will of Sol Goldman dated August 3, 1987, are directed to make advance payments to petitioner Lillian Goldman in the sum of $2 million immediately, and $2 million annually with the first payment to be made in January 1990, on the condition that petitioner first post a refunding bond to cover the full amount of the advances, and otherwise affirmed, without costs.

Petitioner and decedent were married in 1941 and separated in 1983. On November 1, 1983, petitioner brought an action for divorce based on allegations of cruel and inhuman treatment. On April 23, 1984, petitioner and decedent entered into a handwritten reconciliation agreement pursuant to which petitioner agreed to withdraw and discontinue her divorce action, and decedent agreed, *inter alia,* to bequeath to petitioner one third of his estate outright regardless of their marital status at the time of his death. Thereafter, petitioner moved to set aside the discontinuance and restore the divorce action to the calendar. This motion was denied, and petitioner then commenced an action against the decedent for a declaratory judgment to the effect that the reconciliation agreement was invalid and unenforceable. Following a trial in July 1986, Justice Kristin Booth Glen upheld the validity of the agreement by decision and judgment dated September 21, 1987.

On October 18, 1987, Mr. Goldman died, leaving an estate which has been conservatively valued at between $700,000,000 and $1,000,000,000. The decedent also left a last will and testament dated August 3, 1987, naming petitioner and re-

spondents as beneficiaries, with respondents Jane H. Goldman and Allan Howard Goldman designated executors.

By petition dated January 27, 1988, petitioner applied for interim advance payments, pursuant to SCPA 2102 (5), against her claimed beneficial interest in the estate. The petition asserts three bases for petitioner's entitlement to an advance payment: under the terms of the reconciliation agreement; as a beneficiary under the will's provision for a marital trust; and, pursuant to a widow's right to an elective share. In further support of her application, petitioner demonstrated that she was in need of an advance, in light of her inability to meet such obligations as taxes owed on her residences and counsel fees, and the fact that she has been compelled to borrow large sums to meet prior and ongoing liabilities and expenses.

In opposition, respondents asserted, *inter alia,* that if petitioner were to receive an allowance, the children, as named beneficiaries under the will, should also receive an allowance. In addition, the respondents challenged their mother's status under the will by claiming that she was not a "surviving spouse" pursuant to EPTL 5-1.2 (a) (5) because of her "abandonment" of decedent. The Surrogate granted the children's request for interim payments, but denied petitioner's request "without prejudice to its being renewed when it is established that she is a 'surviving spouse' pursuant to EPTL 5-1.2".

In *Matter of Milbank* (49 AD2d 848), we held that SCPA 2102 (5) empowers the Surrogate with the discretion to authorize an advance payment against a claimed beneficial interest in an estate, even when the question of spousal status is at issue, provided that the claimant is willing to post a full refunding bond. Upon consideration of all the facts and circumstances attending this matter, including the substantial size of the estate, and the receipt of advances by all four children, we are persuaded that petitioner's application should similarly have been granted.

Petitioner requests an immediate distribution of $5 million, and annual advances of $3 million. While petitioner admittedly has a net worth of over $2 million, and assets valued at over $7 million, we nevertheless believe she has demonstrated need within the meaning of SCPA 2102 (5). The needs of petitioner cannot be determined without reference to the lifestyle she previously enjoyed, nor do we believe that she should be forced to liquidate her assets in order to obtain sufficient income to maintain herself, her residences, her debt repay-

ments, and her attorney's fees. Nor do we find any reason to doubt the validity of the financial data furnished by petitioner.

We accordingly modify and direct advances as set forth above. Concur—Carro, J. P., Asch, Milonas and Wallach, JJ.