■ MARGARET M. NOBLE et al., Plaintiffs, v DOMENICO AMBROSIO et al., Defendants. (And a Third-Party Action.) COMMUNITY HOSPITAL OF WESTERN SUFFOLK, Second Third-Party Plaintiff-Respondent, v ATTILIO SPADAFORA et al., Second Third-Party Defendants-Appellants.—In a medical malpractice action, the second third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Copertino, J.), dated December 20, 1988, as granted that branch of the second third-party plaintiff's motion which was to dismiss their first, second, third, fourth,

ninth and tenth affirmative defenses. The appeal brings up for review so much of an order of the same court, dated February 28, 1990, as, upon reargument, adhered to so much of the original determination as dismissed the aforementioned defenses (CPLR 5517 [b]).

Ordered that the appeal from the order dated December 20, 1988, is dismissed, without costs or disbursements, as that order was superseded by the order dated February 28, 1990, made upon reargument; and it is further,

Ordered that the order dated February 28, 1990, is affirmed insofar as reviewed, without costs or disbursements.

We discern no impropriety in the Supreme Court's decision to strike the first and fourth affirmative defenses, which allege, respectively, set-off and double recovery, from the second third-party defendant's answer, as they are not viable defenses to this second third-party action for indemnification. We note that such defenses may, however, be raised by the second third-party defendant in the context of the main action (see, CPLR 1008; see also, Plath v Justus, 28 NY2d 16, 23).

The affirmative defenses of lack of standing and nonentitlement to indemnification as a matter of law, the ninth and tenth such defenses, were also properly stricken as those affirmative defenses merely pleaded conclusions of law without supporting facts (see, Glenesk v Guidance Realty Corp., 36 AD2d 852, 853). In any event, those affirmative defenses are lacking in merit under the circumstances of this case.

Finally, the affirmative defenses of settlement and release, the second and third affirmative defenses, are not available in the context of an indemnification action, and, therefore, were also properly dismissed (see, General Obligations Law § 15-108; Riviello v Waldron, 47 NY2d 297, 305-307). Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.