■ GRUTMAN KATZ GREENE & HUMPHREY, Appellant-Respondent, v LILLIAN GOLDMAN, Respondent-Appellant, et al., Defendant. [600 NYS2d 23] —Order, Supreme Court, New York County (William J. Davis, J.), entered December 29, 1992, which, *inter alia,* granted defendant's motion for summary judgment dismissing plaintiff's third cause of action, and denied defendant's motion for summary judgment on her counterclaims, unanimously modified, on the law, without costs, to the extent of denying defendant's motion for summary judgment with respect to plaintiff's third cause of action, and as so modified, affirmed. Motion (M-2123/1993) by plaintiff to expand the record and to permit review of an order (same court and Justice) dated March 31, 1993, which denied plaintiff's motion for renewal and reargument of the December 29, 1992 order, is denied, without costs.

In April of 1988 defendant Lillian Goldman retained Norman Roy Grutman of the plaintiff law firm to represent her in various legal proceedings, including a probate proceeding pending before Surrogate Marie Lambert. On April 20, 1989, plaintiff was discharged.

Plaintiff's complaint, served on April 26, 1989, seeks in a second cause of action, $221,030.50 representing deferred time charges (for legal services exceeding $25,000 monthly) for the period of April 28, 1988 through March 27, 1989. A third cause of action seeks the reasonable value of plaintiff's services from March 28 through April 20, 1989, and in addition seeks bonus compensation provided for in its retainer agreement, as amended, which allegedly would have been earned as a result of all of plaintiff's services but for defendant's discharge of plaintiff, allegedly without cause. Defendant's answer alleges that plaintiff was discharged for cause, and counterclaims for damages and a return of all legal fees previously paid on grounds of alleged negligence and breach of fiduciary duties.

On May 23, 1989, this Court, on an appeal in which plaintiff had represented defendant as appellant, ordered that the executors of the will of Sol Goldman advance to defendant $2 million immediately, and the same amount annually thereafter, from her husband's estate, then estimated to be worth between $700 million and $1 billion *(Matter of Goldman,* 150 AD2d 267). On June 28, 1989, the executors commenced a proceeding in Surrogate's Court to determine whom they should pay in light of the plaintiff's retaining and charging liens. At a conference held July 7, 1989 among the parties and the Surrogate, the defendant took the position that $221,000, the approximate amount of the deferred time charges that had accrued through March 27, 1989, was not "owing" to plaintiff because of defendant's counterclaims. It was thereupon agreed that $1,779,000 of the first $2 million payment from the estate would be allocated to defendant, and $221,000 would be allocated to plaintiff subject to a refunding bond covering a potential subsequent determination that plaintiff was not entitled to its legal fees. The Surrogate did not determine that $221,000 was the total amount of the fees owed by defendant to plaintiff, but rather stated that "until I have a hearing on the issue of legal fees, I can't determine what the legal fees are". A Surrogate's Court order dated December 7, 1989, by which another firm was substituted as defendant's counsel, provided that "the charging and retaining liens of [plaintiff] are continued and preserved [and] the issue of the amount of fees and disbursements to be paid to [plaintiff as defendant's counsel] is reserved for future determination by the Court after appropriate hearings".

Defendant moved for summary judgment dismissing the complaint and for a judgment in her favor on her counterclaims. The IAS Court granted defendant's motion to dismiss the third cause of action on the erroneous factual premise that on July 7, 1989 it was determined that plaintiff was paid the full value of its legal services, apparently drawing this conclusion from the fact that the written order did not provide for the $221,000 payment to be made "subject to the preservation of the quantum meruit claim of the value of plaintiff's legal services". As noted *supra,* the Surrogate stated in colloquy on July 7, 1989 that she could not determine the full amount of plaintiff's fees until a hearing was held, and although the reservation of that issue was not made explicit in the brief written order entered July 11, 1989, neither did that written order indicate that $221,000 represented plaintiff's full fee. Any doubt as to this question was definitively laid to rest

by the Surrogate's December 7, 1989 order which explicitly reserved the fee issue "for future determination by the Court after appropriate hearings". Accordingly, it was error to grant summary judgment dismissing plaintiff's third cause of action.

Defendant's cross appeal is from that portion of the order denying her motion for summary judgment on her counterclaims seeking damages and disgorgement of counsel fees paid to plaintiff on account of alleged breaches of confidentiality and negligence. The record is rife with factual questions supporting the IAS Court's denial of summary judgment on the counterclaims, and that portion of the order denying summary judgment to defendant on her counterclaims is accordingly affirmed. Concur—Carro, J. P., Wallach, Kassal and Nardelli, JJ.