■ In the Matter of the Estate of TERESA DRISCOLL, Deceased. WILLIAM A. EGAN, JR., Appellant; MARY A. HICKEY, Respondent. [709 NYS2d 597] —In a proceeding pursuant to SCPA 2110 to fix an attorney's fee, William A. Egan, Jr., the former attorney for the nominated Executor of the Estate of Teresa Driscoll, appeals from an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated March 31, 1999, which denied his motion for summary judgment fixing his fee in the full sum demanded in his petition.

Ordered that the order is affirmed, with costs payable by the appellant personally.

The appellant contends that the Surrogate erred in denying his motion for summary judgment because the general denial contained in the respondent's answer was insufficient to raise an issue of fact as to the reasonable value of his services (*see,*

CPLR 3016 [f]). We disagree. It is well settled that the Surrogate bears the ultimate responsibility of deciding what constitutes reasonable legal fees, regardless of the existence of a retainer agreement (*see, Matter of Pekofsy v Estate of Cohen,* 259 AD2d 702; *Matter of Stern,* 227 AD2d 636; *Matter of Nicastro,* 186 AD2d 805; *Matter of Verplanck,* 151 AD2d 767). The Surrogate's inherent authority to supervise the fees which attorneys charge for legal services may be exercised even where all parties have knowingly consented to payment of the requested fee (*see, Matter of Stortecky v Mazzone,* 85 NY2d 518, 525-526). Accordingly, the Surrogate properly denied the appellant's request to summarily fix his fee in the amount demanded in his petition.

We further note that the Surrogate has jurisdiction to determine, and is in the best position to determine, which legal services performed by the appellant benefitted the estate, and which benefitted only the individual interests of the respondent as nominated executrix and legatee (*see,* NY Const, art VI, § 12 [d]; SCPA 209 [10]; *Matter of Levine,* 262 AD2d 80; *Matter of Graham,* 238 AD2d 682; *Rosenman & Colin v Winston,* 205 AD2d 451). To the extent that the appellant's services benefitted only the respondent and not the estate, the Surrogate may direct the respondent to personally pay a reasonable fee (*see, Matter of Levine, supra; Matter of Graham, supra*). Mangano, P. J., Thompson, Krausman and Feuerstein, JJ., concur.