■ In the Matter of the Estate of JUDAH L. WEINSTOCK, Also Known as JUDA L. WEINSTOCK, Deceased. UNITED LUBAVITCHER YESHIVOTH, Appellant; JOSEF WINEBERG et al., Respondents. [724 NYS2d 868] —In a proceeding pursuant to SCPA 2205 to compel an accounting, the petitioner appeals, as limited by its brief, from stated portions of an order of the Surrogate's Court, Kings County (Feinberg, S.), dated April 16, 1999, which, *inter alia,* denied its motions to reject certain recommendations in the first and third reports of the Special Referee (Laurino, R.), dated January 12, 1999, and January 21, 1999, respectively, and confirmed those reports.

Ordered that the order is modified by (1) deleting the first decretal paragraph thereof confirming the recommendation of the Special Referee in the first report that the petitioner had the burden of proof on the issue of its standing to bring the proceeding, and substituting therefor a provision granting that branch of the motion which was to reject that recommendation, and (2) deleting the sixth, eighth, ninth, thirteenth, and sixteenth decretal paragraphs thereof confirming certain recommendations of the Special Referee in the third report, and substituting therefor a provision granting that branch of the motion which was to reject those recommendations; as so modified, the order is affirmed insofar as appealed from, with costs to the petitioner payable by the respondents personally.

The Surrogate's Court erred in confirming the recommendation of the Special Referee in the first report that the petitioner had the burden of proof on the issue of its standing to bring the proceeding. When a petitioner's standing to bring a proceeding is challenged, either in an affirmative defense or a motion to dismiss (*see, Matter of Fossella v Dinkins,* 66 NY2d 162, 167; *Noble v Ambrosio,* 173 AD2d 801), the respondent bears the burden of proof (*see, Martin v Edwards Labs.,* 60 NY2d 417, 428; *Matter of Blostein v Bauer,* 218 AD2d 912; *Brignoli v Balch, Hardy & Scheinman,* 178 AD2d 290; *Kramer v City of New York,* 173 AD2d 155).

The Surrogate's Court properly confirmed the recommendation of the Special Referee in the third report that the

petitioner be required to post a bond (*see, Matter of Goldman,* 150 AD2d 267; *Matter of Milbank,* 49 AD2d 848). However, the Surrogate's Court erred in requiring the petitioner to submit certified cash flow statements and in prohibiting the petitioner from further mortgaging its property, as in doing so the court exceeded its jurisdiction. While the Surrogate's Court may examine the needs of a beneficiary in connection with a request for an immediate distribution from an estate (*see,* SCPA 2102 [5]), the court may not inject itself into controversies that have no effect upon the estate itself (*see, Matter of Piccione,* 57 NY2d 278, 289-290).

The Surrogate's Court erred in amending the petition by adding Machne Israel (hereinafter Machne) and Merkos L'Inyonei Chinuch (hereinafter Merkos) as necessary parties. "[The] power of the Surrogate's Court relates to matters affecting estates of decedents and not to independent matters involving controversies between living persons" (*Matter of Lainez,* 79 AD2d 78, 80, *affd* 55 NY2d 657). Machne and Merkos allegedly have a claim against the petitioner pursuant to an agreement with the petitioner. However, the Surrogate's Court lacks jurisdiction over claims by creditors against distributees or legatees of an estate (*see, Matter of Thompson,* 184 NY 36, 44-45; *Matter of Piccione, supra,* at 289; *Matter of Lainez, supra,* at 80). Altman, J. P., Friedmann, Goldstein and Cozier, JJ., concur.