In a probate proceeding in which the executor petitioned to settle an account of the decedent’s estate, legatee Theodore Tarlow appeals, as limited by his brief, from so much of an order of the Surrogate’s Court, Kings County (Johnson, S.), dated October 11, 2011, as, in effect, upon reargument, adhered to a determination in an order of the same court dated February 9, *752 2011, granting the objection of residuary legatee Charles Tarlow and thereupon vacating a provision in an order of the same court (Seddio, S.), dated May 10, 2007, awarding counsel fees to Harry L. Klein, the attorney for Theodore Tarlow in connection with related Mental Hygiene Law article 81 proceedings in which Charles Tarlow sought to have Theodore Tarlow declared an incapacitated person.
Ordered that the order dated October 11, 2011, is affirmed insofar as appealed from, with costs.
In an order dated May 10, 2007 (hereinafter the 2007 order), the Surrogate’s Court in this probate proceeding awarded counsel fees to Harry L. Klein for his representation of the decedent’s legatee Theodore Tarlow (hereinafter Theodore) in two Mental Hygiene Law article 81 proceedings commenced by Theodore’s brother Charles Tarlow (hereinafter Charles) in the Supreme Court, seeking to have Theodore declared an incapacitated person. The 2007 order authorized the executor of the decedent’s estate to pay Klein’s fees from the estate, of which Theodore was the primary beneficiary. Upon the executor’s petition to settle his account, Charles, a residuary legatee of the decedent’s estate, filed objections arguing, inter alia, that so much of the 2007 order as set Klein’s fee was improper, as it exceeded the subject matter jurisdiction of the Surrogate’s Court. In an order dated February 9, 2011 (hereinafter the February 2011 order), the Surrogate’s Court granted this objection and vacated so much of the 2007 order as set Klein’s fee. Theodore then moved, in effect, for leave to reargue. The Surrogate’s Court granted reargument but, in effect, upon reargument, adhered to the determination in the February 2011 order. Theodore appeals.
“The Surrogate’s Court, as a court of limited jurisdiction, may exercise only the powers conferred upon it by statute and those powers incidental, inherent or necessary to do justice in a particular case to which its jurisdiction extends” (Matter of Stortecky v Mazzone, 85 NY2d 518, 524 [1995]). Although the Surrogate’s Court Procedure Act authorizes the court to fix and determine attorney’s fees for services rendered to a beneficiary of an estate (see SCPA 2110 [1]), “[t]he only proper parties before the Surrogate on an accounting are creditors or those claiming to be creditors of the decedent” (Matter of Lainez, 79 AD2d 78, 80 [1981]). Contrary to Theodore’s contention, “the Surrogate’s Court has no jurisdiction over a claim by a creditor against a distributee or legatee of an estate” (id.; see Matter of Piccione, 57 NY2d 278, 290 [1982]; Matter of Weinstock, 283 AD2d 510, 511 [2001]; see also Matter of Leventhal, 19 AD3d *753 202, 203 [2005]; Matter of Driscoll, 273 AD2d 381, 382 [2000]). However, “the Surrogate has jurisdiction to determine, and is in the best position to determine, which legal services performed by [an attorney] benefitted the estate, and which benefitted only the individual interests of [a party]” (Matter of Driscoll, 273 AD2d at 382; see Matter of Levine, 262 AD2d 80 [1999]). Since the record supports the Surrogate’s determination that the services performed by Klein benefitted Theodore personally rather than the decedent’s estate, the court, in effect, upon re-argument, properly adhered to its determination that it lacked jurisdiction to set Klein’s fee and that, consequently, the 2007 order was properly vacated (see Matter of Piccione, 57 NY2d at 290; Matter of Weinstock, 283 AD2d at 511; Matter of Lainez, 79 AD2d at 80).
Theodore’s remaining contentions are without merit (see Financial Indus. Regulatory Auth., Inc. v Fiero, 10 NY3d 12, 17 [2008]; Matter of Metropolitan Transp. Auth., 32 AD3d 943, 944 [2006]; Morrison v Budget Rent A Car Sys., 230 AD2d 253, 260 [1997]; Briscoe v White, 8 Misc 3d 1, 3 [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). Angiolillo, J.E, Dickerson, Austin and Cohen, JJ., concur.