In the Matter of JO D. TALBOT, Deceased. KAREN CULLIN, Appellant; STEPHEN R. ANGEL, Respondent. [981 NYS2d 550]—

In a contested probate proceeding, Karen Cullin appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), entered June 28, 2012, as denied her motion for summary judgment on her petition to fix and determine an attorney's fee pursuant to SCPA 2110 for services rendered to the former executor of the estate.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellant personally.

In this contested probate proceeding, the objections to probate of a propounded last will and testament dated December 14, 2005, which left the bulk of the decedent's estate to Karen Cullin, were settled by a stipulation of settlement (see Matter of Talbot, 104 AD3d 775 [2013]). During the proceeding, the nominated executor under the December 14, 2005, instrument signed a retainer agreement providing for Steven R. Angel to represent him as the fiduciary of the estate (hereinafter the Retainer Agreement). As the primary beneficiary of the estate, Cullin consented in writing to the terms of the Retainer Agreement, which stated, inter alia, that Angel would receive a $150,000 fee if the propounded instrument was admitted to probate. Angel subsequently agreed to reduce the contingency

fee to $50,000 when the contested probate proceeding appeared likely to settle in a matter of weeks. On May 14, 2007, Cullin paid the subject $50,000 fee with estate funds. More than three years later, Cullin, in her capacity as executor and sole legatee of the estate, filed a petition to fix and determine the amount of Angel's fee pursuant to SCPA 2110, claiming that the fee was excessive. The Surrogate's Court denied Cullin's motion for summary judgment on the petition.

Cullin failed to establish her prima facie entitlement to judgment as a matter of law, since there remain issues of fact regarding the fixing of Angel's fee (*see Matter of Driscoll*, 273 AD2d 381, 382 [2000]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Moreover, the Surrogate's Court correctly directed that the reasonableness of Angel's fee should be determined after a hearing (*see Matter of Talbot*, 84 AD3d 967 [2011]; *see also* SCPA 2110, 22 NYCRR 207.45).

In light of Cullin's failure to meet her prima facie burden, we need not review the sufficiency of Angel's opposition papers (*see JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384 [2005]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Currie v Wilhouski*, 93 AD3d 816, 818 [2012]). Accordingly, the Surrogate's Court properly denied Cullin's motion for summary judgment. Eng, P.J., Austin, Sgroi and Cohen, JJ., concur.