■ In the Matter of ANTHONY MERCORELLA et al., Respondents, v LOUIS C. BENZA, Appellant, and PATRICIA M. ENNIS et al., Respondents. In the Matter of LOUIS C. BENZA, Appellant, v ANTHONY MERCORELLA et al., Respondents.—Judgment entered August 26, 1975 in the Supreme Court, Bronx County, invalidating the designating petition filed by candidate Louis C. Benza, unanimously reversed, on the law, the petition to validate is granted, and the restraint imposed against the board of elections is vacated. No sufficient evidence appears in the record to indicate that the petition was so permeated by fraud, particularly with reference to the signatures obtained in the public places, that the petitions containing the signatures so obtained should have been totally invalidated. Appellant Benza had a total of 10,831 signatures on his designating petition, of which 4,220 were stricken by the board of elections, leaving a balance of 6,609 signatures considered valid by the board. Only 5,000 signatures are required. 796 were ruled invalid by the referee of the signatures not obtained in public places and over 1,000 of those obtained in public places. The fact that signatures in public places were randomly solicited is not in itself sufficient ground for rejection of such signatures. While the workers obtaining the signatures might have made a more intensive questioning of the proposed signer of the petition, as a practical matter they were in the main bound to rest on the assurances by the proposed signer that such person was an enrolled Democrat within the prescribed district. Section 135 of the Election Law no longer requires that a signatory be personally known to a subscribing witness, but only that the signatory sign the same in the presence of the witness and identify himself "to be the individual who signed" the sheet. This apparently was done in most instances for the board of elections struck only 4,220 signatures. Such irregularities as might have existed in the mass produced petitions would seem attributable more to inexperience than to deliberate fraud. As to the petitions not obtained in so-called public places, undoubtedly many were properly stricken. However, the grounds for the difference in the treatment by the referee and confirmed by the court of petitions obtained by various persons are not readily apparent. Significantly the referee does not indicate or find that a species of fraud was perpetrated by the very use of a "crash program" in obtaining signatures in a public place. Moreover, the finding that the method used in the "crash program" does not comply with the letter or spirit of section 135 of the Election Law is not warranted. The judgment entered August 26, 1975 dismissing the companion proceeding to validate the candidacy of petitioner is accordingly

unanimously reversed, on the law, and the petition granted. The application by appellant to submit brief and appeal on an abbreviated record is granted. Concur—Stevens, P. J., Markewich, Kupferman, Tilzer and Capozzoli, JJ.