## (March 30, 1976)

■ In the Matter of Frank Acosta et al., Appellants, v Joseph J. Previte et al., Constituting the Board of Elections of the City of New York, Respondents.—Judgment of the Supreme Court, New York County, entered on March 23, 1976, which denied an application to strike a petition designating delegates to the Democratic National Convention and members of the Democratic State Committee, affirmed, without costs and without disbursements. In our view appellants, challenging the petition, had the burden of proof to establish such irregularity as required by law. There is a presumption of validity which attends any petition filed in proper form with the Board of Elections. (Election Law, § 103.) Although the Referee found as a fact that no subpoenaed subscribing witness appeared at the hearing to testify, this finding was disputed on oral argument by respondents. The appellants then agreed that at the hearing several subscribing witnesses, in fact, were present. However, the absence of such witnesses did not shift the burden of proof in this election case (cf. *Dowling v Hastings,* 211 NY 199). Although some irregularity was demonstrated before the Referee, particularly in the instance where an alleged subscribing witness was shown to be in a hospital, physically incapacitated, on the date he is said to have procured 46 signatures on said petition, it does not follow that the other sheets of petition were so permeated by irregularities as to compel, or even warrant the invalidation of the petition in its entirety. While the appellants claimed that there was a physical impossibility that some 920 signatures could have been procured by 24 persons on January 13, 1976 and that the dates on the petition were deliberately enlarged to show that signatures were obtained, in fact during the three days, January 13, 14, and 15, the appellants did not establish, as required, that the signatures were procured

at any time not permitted by statute. The facts in this case are to be distinguished from those in *Matter of Haas v Costigan* (14 AD2d 809, 810, affd 10 NY2d 889), where there was "proof of such gross irregularities and fraudulent practices" as to create a "moral and legal duty of the respondents * * * *even in the absence of a subpoena,* to produce the subscribing witnesses who must be presumed to be under their control." We agree with the observation of the court below that "It should be the purpose of the law, in a doubtful situation, to grant to the electorate the discretion of determining the *bona fides* of candidates and that elections should not be determined in the courts unless absolutely necessary." Concur—Stevens, P. J., Birns, Silverman and Lane, JJ.; Kupferman, J., dissents in the following memorandum: Kupferman, J. (dissenting). The challenge here to the petitions filed is on the ground that they are incredible as a matter of law. The Referee so found, and the Judge confirmed his findings. It is difficult to believe that on a winter night in East Harlem on January 13th within a limited number of hours, hundreds of signatures could be obtained. One alleged petition gatherer, as the court found, was in the hospital at the time. Nonetheless, an explanation by the subscribing witnesses could easily have carried the proof forward. The Referee found that the failure of the subscribing witnesses to appear "was a concerted effort on the part of the respondents to thwart" the challenge to the petitions. An ex parte order was obtained to serve subpoenas on the subscribing witnesses by certified mail, and some 50 subpoenas were so served, together with the witness fees, returnable on March 15, 1976, the date the hearing was to commence. *No one appeared in response to the subpoenas.* This in itself could lead to striking those petitions. *(Matter of Haas v Costigan,* 14 AD2d 809, affd 10 NY2d 889.) However, on the authority of *Matter of Mercorella v Benza* (37 NY2d 792, revd 49 AD2d 705, on remand 49 AD2d 716), we must accept the findings of the Referee and of the court, in the absence of a transcript. That being the case, and the court at Special Term having disagreed with the Referee and upheld the petitions, not on the findings but out of equity, we must reverse. The court below stated: "It should be the purpose of the law, in a doubtful situation, to grant to the electorate the discretion of determining the *bona fides* of candidates and that elections not be determined in the Courts unless absolutely necessary. I find that it would be excessive to punish both the candidates and the voters by excluding these candidates from the primary election because of our surmise, no matter how well supported in experience and logic, that the date of the petitions was inaccurate or even fraudulent." Poor as it may be, we must sustain the integrity of the procedure and reverse. Instead, this court now places a premium on evasion, avoidance and obfuscation.