(August 26, 1976)

■ In the Matter of JOSEPH L. GALIBER, Respondent, v JOSEPH PREVITE et al., Constituting the Board of Elections of the City of New York, Respondents, and AMERICO MARTINEZ, Appellant. In the Matter of AMERICO MARTINEZ, Petitioner, v JOSEPH J. PREVITE et al., Constituting the Board of Elections of the City of New York, Respondents, and JOSEPH L. GALIBER, Respondent.—Judgment, Supreme Court, Bronx County, unanimously affirmed, without costs and without disbursements, for the reasons given by the referee. (See, also, Election Law, §§ 330, 335; CPLR 4403.) Appellant's oral application for leave to appeal to the Court of Appeals is granted. Concur—Stevens, P. J., Silverman, Capozzoli and Nunez, JJ; Kupferman, J., concurs in the result in a memorandum, as follows: The respondent-appellant raises several interesting questions which warrant further consideration by the Court of Appeals. If CPLR 4320 (subd [b]) requires the referee to file his report together with a transcript, in the absence of such transcript can the Justice at Special Term confirm the report? (See *Aron v Aron,* 280 NY 328.) Further, can the summary procedure contemplated by sections 330 and 335 of the Election Law validate the expeditious confirmation without such a transcript? Underlying the legal problem, of course, is the practical fact that in many cases, the time schedule does not allow for a full transcript to be timely prepared. (See Note, 73 Col L Rev 318, "Primary Challenges in New York: *Caselaw Coleslaw v. Election Protection; Matter of Silver v. Feuer,* 46 A D 2d 635 [dissent].)" As a result, the final determination may hinge on who has the burden of providing the minutes of the hearing. (See *Matter of Mercorella v Benza,* 37 NY2d 792, revg 49 AD2d 705, on remand 49 AD2d 716.) The other legal point is whether the New York State Constitution provision requiring, among other things, that a

member of the Legislature must be a resident of the State for five years (art III, § 7), violates the United States Constitution. This court has previously upheld that section. *(Matter of Burns v Power,* New York County Clerk's Index No. 06950/1964 [Sarafite, J.], affd without opn 21 AD2d 753.) However, recent Supreme Court decisions raise questions that seem to indicate (and in my view rightly so, considering some more prominent candidacies) that such a long residence requirement is unreasonable. (See *Dunn v Blumstein,* 405 US 330; *Carrington v Rash,* 380 US 89.) Nonetheless, we cannot lightly overturn a New York State constitutional provision. Moreover, the Attorney-General has not been notified. (Cf. CPLR 1012, subd [b].)