OPINION OF THE COURT
Joseph G. Fritsch, J.
This is a proceeding pursuant to Election Law § 16-102 wherein the above-named petitioners seek validation of their respective designating petitions heretofore declared invalid by the Board of Elections pursuant to Election Law § 6-154.
By order dated August 15, 1985, based on the undersigned’s oral decision of that same date, this court dismissed the instant proceeding on jurisdictional grounds.
By order and memorandum decision of August 21, 1985, the Appellate Division, Fourth Judicial Department, reversed this court’s aforesaid determination and remitted this proceeding for consideration of the substantive aspects of the petitions to validate. On August 22, 1985 the undersigned met in chambers with all three counsel above named and heard their arguments with respect to the substantive issue raised by the petitions and the responding papers.
On all of the foregoing, the court grants the relief requested by each of the petitioners and directs the respondent Board of Elections to reinstate the designating petitions of said petitioners.
The respondent Board determined that the post-office "zip code” number was a necessary part of the "post office address” which each of the subscribing witnesses was required to state pursuant to Election Law § 6-132. That issue appears to be a matter of first impression, not only in New York State but *492 also throughout the country insofar as revealed by my research of the reported decisions. While there appears to be no provision in the Election Law for any mailing to be made to subscribing witnesses, the addresses of such witnesses are intended to establish that they are qualified to serve as witnesses under the statute. The court takes judicial notice that mail addressed to "38 Dewey Avenue, Fairport, New York” will be delivered to the resident at that address as will mail more precisely addressed "38 Dewey Avenue, Fairport, New York, 14450”. In this court’s opinion the "zip code” numbers are for the convenience of the postal authorities and are not a legal requirement under Election Law § 6-132.
As to petitioners, Douglas W. Whitney and David G. Cooper, the Board of Elections correctly invalidated the 10 signatures on page 4 of their petition because the subscribing witness did not show her post-office address, to wit: Fairport, New York. Although she correctly showed her Town of Perinton, all counsel have stipulated and the court takes judicial notice that there is no such post-office address as "Perinton, New York”. Invalidation of those 10 signatures still left Mr. Whitney with 6 signatures more than the 12 he required, and Mr. Cooper with 7 more than the 11 required.
Likewise, and for the same reason, the Board correctly invalidated pages 1 and 4 of the designating petition of Robert O. Reed and Luther C. Nadler. However, the 12 signatures therein thus stricken still left Mr. Reed and Mr. Nadler with 3 more than the 17 signatures they required.