■ JOSEPH MICHAELS, Appellant, v MARIO DALIMONTE, Defendant, and BRUCE LORENZ et al., Respondents.—In an action to recover damages for personal injuries, *inter alia,* pursuant to General Obligations Law § 11-101, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered September 14, 1984, which was in favor of the defendants Bruce Lorenz and Westnick's Ltd., doing business as Huntley's Bar and against him, upon the respondents' motion to dismiss the complaint as against them, made at the close of the plaintiff's case.

Judgment affirmed, with costs.

The plaintiff contends that the trial court abused its discretion in denying his motion for a one-day continuance of the trial. "The granting of a continuance is an exercise of judicial discretion upon particular facts [and as] a general rule the granting or refusing a continuance is within the sound discretion of the trial court, and in the absence of an abuse of discretion, will be upheld on appellate review" *(Balogh v H.R.B. Caterers,* 88 AD2d 136, 143). Based upon the facts before us, we find no basis to disturb the trial court's exercise

of discretion. "A Trial Judge observes the case and knows the surrounding facts and circumstances; hence, he is in a better position than an appellate court * * * to determine whether the design of a party making a motion for a continuance is delay, or whether a continuance is essential to the interests of justice" *(Balogh v H.R.B. Caterers, supra,* at p 143).

We conclude that it was not an abuse of discretion to deny the plaintiff's application for a continuance to enable him to produce as a witness the defendant Dalimonte, who defaulted in appearing in the action. The plaintiff, in support of his application for a continuance, could only speculate as to what Dalimonte's testimony would be. Mangano, J. P., Gibbons, Niehoff and Spatt, JJ., concur.