■ In the Matter of JOHN GUY, Appellant, v HULBERT H. JAMES, SR., Respondent-Respondent, et al., Respondents.—In a proceeding to invalidate a petition designating Hulbert H. James, Sr., as a candidate in the Democratic Party primary election to be held on September 9, 1986, for the public office of Representative in Congress from the Sixth Congressional District, the appeal is from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), dated August 14, 1986, which, after a hearing, dismissed the proceeding.

Appeal dismissed, without costs or disbursements.

As this appeal involves questions of fact and a transcript of the hearing was not submitted, this court does not have a sufficient basis to review the determination of the Supreme Court, Queens County, and the appeal must be dismissed *(see, Matter of Hutchinson v McNab, 96 AD2d 919)*. Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.

■ In the Matter of CHARLES L. JONES, Appellant, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding to invalidate a petition designating Stanley H. Frere as a candidate in the Democratic Party primary election to be held on September 9, 1986, for the public office of Member of the New York State Assembly from the 57th Assembly District, the appeal is from a judgment of the Supreme Court, Kings County (Slavin, J.), dated July 31, 1986, which dismissed the proceeding.

Judgment affirmed, without costs and disbursements.

While an objector in an invalidation proceeding generally has the right to raise objections and specifications before the court which he did not raise before the Board of Elections *(see, Starr v Board of Elections, 89 AD2d 978; Matter of Flowers v Wells, 57 AD2d 636)*, the petitioner waived that right in the instant case by failing to set forth any additional specifications or objections during the proceeding although he was given the opportunity to do so. Bracken, J. P., Niehoff, Eiber and Spatt, JJ., concur.