■ MITCHELL KLOMBERS et al., Respondents, v SOL LEFKOWITZ, Doing Business as LEFKOWITZ SUMMER HOMES, Appellant.—In an action to recover damages for personal injuries,

etc., the defendant appeals from (1) a judgment of the Supreme Court, Queens County (Hyman, J.), dated May 23, 1986, which is in favor of the plaintiffs and against him in the sum of $45,504.09, and (2) so much of an order of the same court, dated October 9, 1986, as denied that branch of his motion which was to set aside the jury verdict in the plaintiffs' favor.

Ordered that the judgment is affirmed, and the order is affirmed insofar as appealed from, with one bill of costs.

The defendant's contention that the trial court erred in denying his motion for a continuance is without merit. The granting or refusing of a continuance is within the sound discretion of the trial court, and in absence of an abuse of discretion will be upheld on appellate review (see, Michaels v Dalimonte, 121 AD2d 370). Under the circumstances of this case, there is no basis to disturb the trial court's exercise of discretion.

The defendant's claim that the trial court erred in excluding from evidence the door involved in the incident is likewise without merit. The admission or exclusion of real or demonstrative evidence also rests largely within the sound discretion of the trial court (see, Wesler v Kassl, 109 AD2d 740). Based on the facts before us, we find that the trial court did not abuse its discretion here.

Contrary to the defendant's assertions, the defendant was not prejudiced by any perceived noncompliance with the medical report exchange rules. Therefore, the court did not err in permitting the plaintiffs' doctor to testify (see, e.g., Markey v Eiseman, 114 AD2d 887). Moreover, the court did not err in refusing to give a missing witness charge with respect to the plaintiff Mitchell Klombers' former physician since it was not demonstrated that he was within the plaintiffs' control (see, Pagan v Ramirez, 80 AD2d 848). Nor was a missing witness charge warranted as to Mitchell Klombers' other treating physician, since that physician's testimony would have been substantially cumulative (see, Getlin v St. Vincent's Hosp. & Med. Center, 117 AD2d 707).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.