■ In the Matter of EVARISTA RIVERA et al., Appellants, v ANIBAL ORTIZ, Respondent, et al., Respondent. [615 NYS2d 929] —In a proceeding to invalidate a petition designating Anibal Ortiz as a candidate in a primary election to be held on September 13, 1994, for the nomination of the Democratic Party as its candidate for the public office of Member of the Assembly from the 54th Assembly District, the appeal is from a judgment of the Supreme Court, Kings County (Garry, J.), dated August 4, 1994, which, after a hearing, denied the petition and granted the counterclaim to validate the designating petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The appellants maintain that it was error for the Supreme Court to deny them relief on the ground that they failed to sustain their burden of proof. In the appellants' view, their original offer of proof, which had been timely served and filed, was in compliance with the court's Rules for the Special Election Part. They further contend that, in any event, it was error to reject their supplemental offer of proof, submitted one day after the deadline, and, accordingly, to preclude them from offering evidence that the signature of a subscribing witness had been forged.

Upon a review of the petitioners' original offer of proof, we find that the appellants failed to comply with the court's rules in that, inter alia, they failed to identify a handwriting expert or any other witness who would be called to establish that the signature in question had been forged. We further find that the court's refusal to accept the untimely supplemental offer of proof was neither an abuse nor an improvident exercise of discretion (cf., Matter of Fletcher v Barkr, 196 AD2d 611, 612). In any event, at the hearing, the Supreme Court was willing to accept evidence probative of the forgery, but the petitioners

were not in a position to present such evidence at that time, or even to identify a witness who would render handwriting testimony. Further, it was not error to deny the petitioners' application for an adjournment of the hearing. Bracken, J. P., O'Brien, Joy, Friedmann and Florio, JJ., concur.