(August 24, 1995)

■ In the Matter of Davis F. Blostein, Respondent, v Herbert L. Bauer, Jr., et al., Constituting the Rensselaer County Board of Elections, et al., Respondents, and Curtis Beebe, Appellant. [630 NYS2d 814] —Per Curiam. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered August 15, 1995 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Curtis Beebe as the Conservative Party candidate for the office of Mayor of the City of Troy in the September 12, 1995 primary election.

Petitioner commenced this Election Law proceeding challenging the validity of numerous signatures contained in the designating petition of respondent Curtis Beebe, a candidate for the Conservative Party nomination for the office of Mayor of the City of Troy in Rensselaer County.

Contending that petitioner failed to adduce sufficient proof of his eligibility to vote for the office of Mayor of the City of

Troy, Beebe moved to dismiss petitioner's challenge by asserting petitioner's lack of standing. After a hearing, Supreme Court denied the motion finding the proof sufficient to confer standing. Supreme Court then proceeded on to the merits of petitioner's claim and invalidated Beebe's designating petition upon the ground that it lacked the requisite number of valid signatures.* Beebe appeals. We affirm.

It is true that petitioner has the ultimate burden of proving the invalidity of Beebe's designating petition (see, Matter of Acosta v Previte, 51 AD2d 960, affd 39 NY2d 720). However, the burden of proof on a motion remains with the movant (see, Siegel, NY Prac § 248, at 373 [2d ed]). Therefore, on his motion challenging petitioner's standing, Beebe had the burden of presenting facts sufficient to demonstrate that petitioner was ineligible to vote in the mayoral election in Troy. Absent such proof, petitioner's statements contained in the verified petition commencing the instant proceeding, and in an exhibit before Supreme Court to the effect that he was duly qualified and registered to vote for such public office, were sufficient to establish standing to challenge Beebe's designating petition (see, Election Law § 6-154 [2]).

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Supreme Court ruled that 16 of the 82 signatures contained in Beebe's petition were invalid, leaving Beebe 12 signatures short of the required 78 to confirm his designation.