■ In the Matter of MICHAEL TULLY, Respondent, v JOSHUA S. KETOVER, Appellant, et al., Respondent. [780 NYS2d 795]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Joshua S. Ketover as a candidate in a primary election to be held on September 14, 2004, for the nomination of the Working Families Party as its candidate for the public office of State Senator, 9th Senate District, Joshua S. Ketover appeals, as limited by his brief, from so much of a final order of the Supreme Court, Nassau County (Ross, J.), dated August 5, 2004, which was amended by an order of the same court dated August 6, 2004, as granted the petition and invalidated the designating petition.

Ordered that the final order is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is

denied, the proceeding is dismissed, the Nassau County Board of Elections is directed to place the name of Joshua S. Ketover on the appropriate ballot, and the order dated August 6, 2004, is vacated.

We disagree with the Supreme Court's conclusion that the Election Law requires the disqualification of a signature on a designating petition when the subscribing witness fails to include in the "Statement of Witness" an apartment number, a town or city, a county, and a postal zip code as part of his or her residence. Here, the subscribing witness provided a correctly-stated street name and house number for the address of his residence in compliance with Election Law § 6-132 (2) (*see Matter of Feldman v Gold,* 196 AD2d 611 [1993]; *Matter of Loeb v Rivera,* 196 AD2d 617 [1993]; *Kemp v Monroe County Bd. of Elections,* 129 Misc 2d 491 [1985]). In addition, he properly indicated his city and county in the "Witness Identification Information" section of the petition sheet (*see* Election Law § 6-132 [2]; *Matter of Barrett v Brodsky,* 196 AD2d 603 [1993]).

In light of our determination on the appeal, we vacate the order dated August 6, 2004, which amended the order dated August 5, 2004, and granted the registered voters of the Working Families Party in the 9th Senate District the opportunity to ballot, since this equitable relief is warranted only when the political party is without a designated candidate for a given office (*see Matter of Hunting v Power,* 20 NY2d 680 [1967]).

The petitioner's remaining contention is without merit. Florio, J.P., Goldstein, Crane and Cozier, JJ., concur.