■ In the Matter of ELLEN JAFFEE, Appellant, v ANN MARIE KELLY et al., Respondents. [819 NYS2d 485]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Ellen Jaffee as a candidate in a primary election to be held on September 12, 2006, for the nomination of the Independence Party as its candidate for the public office of Member of the Assembly, 95th Assembly District, the petitioner appeals from a final order of the Supreme Court, Rockland County (Garvey, J.), entered August 9, 2006, which denied the petition and dismissed the proceeding.

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition is granted, and the Rockland County Board of Elections is directed to place the name of Ellen Jaffee on the appropriate ballot.

The Rockland County Board of Elections (hereinafter the Board), inter alia, determined that two of the signatures on the designating petition in question were invalid since those signatures did not match the signatures on those voters' buff cards. Since this resulted in less than the total number of valid signatures required for designation, the Board invalidated the designating petition.

The petitioner commenced this proceeding to validate her designating petition. She submitted affidavits from each of the voters in question stating that "this is my valid signature" in the designating petition (see Election Law § 6-134 [7]; cf. Matter of Hall v Heffernan, 185 Misc 742 [1945], affd 269 App Div 953 [1945], affd 295 NY 599 [1945]). Significantly, the veracity of the affidavits was not challenged, nor was any claim of fraud or forgery raised. Under the circumstances, the Supreme Court

erred in determining that the two signatures were invalid and in denying the petition to validate. Schmidt, J.P., Santucci, Rivera, Fisher and Covello, JJ., concur.