In the Matter of VILAIR FONVIL, Appellant, v DENET ALEXANDRE, Respondent, et al., Respondents. [928 NYS2d 467]—

The petitioner contends that the Supreme Court should have granted his application made during the hearing for an adjournment to secure the attendance of certain witnesses. The determination of that application was a matter resting within the Supreme Court's sound discretion (*see Farrell v Gelwan*, 30 AD3d 563 [2006]; *Herbert v Edwards Super Food Stores-Finast Supermarkets*, 253 AD2d 789 [1998]; *Klombers v Lefkowitz*, 131 AD2d 815, 816 [1987]; *Michaels v Dalimonte*, 121 AD2d 370 [1986]). Considering, among other things, the petitioner's lack of due diligence in securing the attendance of those witnesses (*see Telford v Laro Maintenance Corp.*, 288 AD2d 302, 303 [2001]; *Herbert v Edwards Super Food Stores-Finast Supermarkets*, 253 AD2d at 789), and that proceedings pursuant to the Election Law "require immediate action" because they are "subject to severe time constraints" (*Matter of Master v Pohanka*, 44 AD3d 1050, 1052 [2007]; *see Matter of Tenneriello v*

*Board of Elections in City of N.Y.*, 104 AD2d 467, 468 [1984], *affd* 63 NY2d 700 [1984]), the Supreme Court providently exercised its discretion in denying the petitioner's application for an adjournment. Mastro, J.P., Leventhal, Chambers, Roman and Miller, JJ., concur.