■ In the Matter of Toby Ann Stavisky, Respondent, v Kangjik Lee, Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of Kangjik Lee et al., Appellants, v Toby Ann Stavisky, Respondent, et al., Respondent. (Proceeding No. 2.) [37 NYS3d 552]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Toby Ann Stavisky as a candidate in a primary election to be held on September 13, 2016, for the nomination of the Democratic Party as its candidate for the public office of State Senator for the 16th Senatorial District, and a related proceeding, among other things, to invalidate that designating petition, Kangjik Lee and S.J. Jung appeal from a final order of the Supreme Court, Queens County (Dufficy, J.), entered August 16, 2016, which, after a hearing, granted the petition of Toby Ann Stavisky, inter alia, to validate the designating petition and denied their petition, among other things, to invalidate the designating petition.

Ordered that the final order is affirmed, without costs or disbursements. "Election Law proceedings are subject to severe time constraints, and they require immediate action" (*Matter of Master v Pohanka*, 44 AD3d 1050, 1052 [2007]; *see Matter of Fonvil v Alexandre*, 87 AD3d 640, 640 [2011]). In light of these time constraints, it is incumbent upon the petitioner in a proceeding to invalidate a candidate's designating petition to timely produce evidence sufficient to satisfy his or her burden of proving the invalidity of the petition (*see Matter of Acosta v Previte*, 39 NY2d 720, 721 [1976]; *Matter of Fonvil v Alexandre*, 87 AD3d at 640; *Matter of Blostein v Bauer*, 218 AD2d 912, 913 [1995]; *Matter of Rivera v Ortiz*, 207 AD2d 516, 516 [1994]; *see also Matter of Jaffee v Kelly*, 32 AD3d 485, 485 [2006]). The court must then "determine, after consideration of the evidence before it, the merits of all of the contested objections material to the validity of the designating petition" (*Matter of Olenick v Carlow*, 76 AD3d 711, 712 [2010]).

In view of the time constraints inherent in an Election Law proceeding and the court's broad discretion in overseeing the proceedings before it (*see generally Vera v Soohoo*, 99 AD3d 990, 995 [2012]; *People v Griffin*, 92 AD3d 1, 3 [2011], *affd* 20 NY3d 626 [2013]; *Matter of Fonvil v Alexandre*, 87 AD3d at

640), the manner in which the Supreme Court conducted the hearing here was not an improvident exercise of discretion. In an effort to conduct its review of the subject petitions in an expeditious manner, the first two days of the hearing were held in a courtroom and the third and fourth days were held at the offices of the respondent Board of Elections in the City of New York (hereinafter the Board of Elections). At the parties' appearance in court before the commencement of the hearing, the appellants indicated that they had not yet procured from the offices of the Board of Elections any evidence in support of their objections, and the court granted them an adjournment to retrieve the evidence. When the hearing began, the court afforded the appellants an opportunity to raise any objection for which proof was only available at the offices of the Board of Elections, and it reserved decision on many such objections to address later at the offices of the Board of Elections. When the venue of the hearing moved to the offices of the Board of Elections, the court considered and ruled on each objection on which it had reserved decision. In light of the foregoing, the appellants' contention that the court improvidently exercised its discretion in not holding the entire hearing at the offices of the Board of Elections is without merit.

The appellants' contention that the Supreme Court improperly failed to address all of their objections is also without merit. While a court is obligated to consider each objection to the designating petition properly placed before it (*see Matter of Olenick v Carlow*, 76 AD3d at 712-713; *Matter of Richards v Board of Elections of City of N.Y.*, 54 AD3d 430, 431 [2008]; *Matter of Bodkin v Garfinkle*, 21 AD3d 571, 572 [2005]), where the challenger to the petition fails to raise an objection or specification when afforded the opportunity to do so, that objection or specification is waived (*see Matter of Jones v Board of Elections of City of N.Y.*, 122 AD2d 905, 905 [1986]). Here, the court informed the parties on several occasions throughout the hearing that it would proceed sequentially through the volumes of the designating petition and that any objections or specifications not raised were deemed waived. After the court concluded its review of the evidence presented on the more than 300 objections raised by the appellants and rendered a determination as to each, the appellants indicated that they had additional objections. Under these circumstances, the court properly declined to consider the belatedly made additional objections (*see Matter of Grimaldi v Board of Elections of the State of N.Y.*, 95 AD3d 1644, 1646-1647 [2012]; *Matter of Rivera v Ortiz*, 207 AD2d at 516; *Matter of Jones v Board of Elections of City of N.Y.*, 122 AD2d at 905; *see also Matter of Berney v Bosworth*, 87 AD3d

948, 949 [2011]; *Matter of Carlow v Irwin*, 76 AD3d 648, 649 [2010]). Moreover, even if these objections had been properly raised, the appellants failed to present any evidence in support of them, and thus, failed to prove the invalidity of the challenged signatures (*see Matter of Fall v Luthmann*, 109 AD3d 540, 541 [2013]; *Matter of Grimaldi v Board of Elections of the State of N.Y.*, 95 AD3d at 1646-1647; *Matter of Baldeo v Board of Elections of City of N.Y.*, 21 AD3d 570, 570 [2005]; *Matter of Rivera v Ortiz*, 207 AD2d at 516).

To the extent the appellants argue that the Supreme Court made erroneous determinations as to certain objections, their contentions are without merit (*see Matter of Felder v Storobin*, 100 AD3d 11, 18-19 [2012]; *cf. Matter of Jaffee v Kelly*, 32 AD3d 485, 485 [2006]). We note that, even if the appellants' contentions had merit and the subject signatures were deducted from the total number of valid signatures on the designating petition, they are insufficient in number to render the designating petition invalid (*see Matter of Lord v New York State Bd. of Elections*, 98 AD3d 622, 624 [2012]). Dillon, J.P., Cohen, Miller and Connolly, JJ., concur.