FOURTH DEPARTMENT, SEPTEMBER, 2017

(September 6, 2017)

■ In the Matter of WENDY A. VAN DER WATER et al., Respondents, v DUSTIN M. CZARNY and Another, Commissioners, Onondaga County Board of Elections, Respondents, and KENNETH L. BUSH, JR., Appellant. [60 NYS3d 627]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered August 17, 2017 in a proceeding pursuant to Election Law article 16. The order granted the petition, invalidated the designating petition of respondent Kenneth L. Bush, Jr., for the Office of Onondaga County Legislator District 13 in the Republican primary election on September 12, 2017, and precluded the Board of Elections from placing Kenneth L. Bush, Jr.'s name on the ballot.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioners commenced this proceeding pursuant to Election Law article 16 seeking to invalidate the designating petition of Kenneth L. Bush, Jr. (respondent) and to enjoin respondent Commissioners of the Onondaga County Board of Elections from designating respondent as a candidate for Onondaga County Legislator District 13 for the Republican primary to be held on September 12, 2017. Petitioners challenged, among other things, a certain signature on sheet 18 of respondent's designating petition on the ground that the wife of the purported signatory had improperly signed the petition on his behalf.

Preliminarily, we reject respondent's contention that the petition should have been dismissed as untimely, inasmuch as there is sufficient evidence in the record to support the determination of Supreme Court that the proceeding was properly commenced in accordance with CPLR 308 (4) within the

requisite statutory period (*see Matter of Angletti v Morreale*, 25 NY3d 794, 797-798 [2015]).

We agree with respondent, however, that the court erred in striking all of the signatures on sheet 18, and we therefore conclude that the court erred in granting the petition. The attesting witness for the signatures testified that she was present in the room with the purported signatory and his wife when the signature was obtained, that the purported signatory's hands were "shaking and weak," and that he responded in the affirmative when his wife asked him if he would like her to sign it for him. The attesting witness further testified that the purported signatory's wife said that she had the authority to sign for him pursuant to a power of attorney, and that the purported signatory's wife marked the signature with her own initials. Thus, the use of a proxy to sign the purported signatory's name was apparent from the face of the petition sheet. Even assuming, arguendo, that the signature was invalid, we conclude that, in the absence of any hidden infirmity in the petition sheet or in the subscribing witness statement that would potentially "confuse, hinder, or delay any attempt to ascertain or to determine the identity, status, and address" of any signatory or witness (*Matter of Pisani v Kane*, 87 AD3d 650, 652 [2011], *lv denied* 17 NY3d 706 [2011]), the court improperly struck the entire page on which the signature appeared (*see Matter of Previdi v Matthews*, 186 AD2d 101, 102 [1992]). Only the invalid signature should have been stricken under the circumstances of this case, leaving respondent with 347 signatures, one more than the required 346 (*see Previdi*, 186 AD2d at 102). We therefore reverse the order and dismiss the petition. Present—Whalen, P.J., Smith, Centra and Lindley, JJ.