Matter of Hennessy v Board of Elections of County of Oneida (2019 NY Slip Op 06450)





Matter of Hennessy v Board of Elections of County of Oneida


2019 NY Slip Op 06450


Decided on September 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, AND TROUTMAN, JJ.


811.1 CAE 19-01228

[*1]IN THE MATTER OF MICHAEL J. HENNESSY, PETITIONER-RESPONDENT,
v
BOARD OF ELECTIONS OF COUNTY OF ONEIDA, CAROLANN N. CARDONE, ROSE MARIE GRIMALDI, COMMISSIONERS CONSTITUTING THE BOARD, RESPONDENTS, AND JAMES GENOVESE, OBJECTOR, RESPONDENT-APPELLANT. 






BEE READY FISHBEIN HATTER & DONOVAN, LLP, MINEOLA (ANDREW K. PRESTON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
KEVIN P. RYAN, SYRACUSE, FOR PETITIONER-RESPONDENT.
PETER M. RAYHILL, COUNTY ATTORNEY, UTICA (ROBERT E. PRONTEAU OF COUNSEL), FOR RESPONDENTS BOARD OF ELECTIONS OF COUNTY OF ONEIDA,


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered May 28, 2019 in a proceeding pursuant to Election Law article 16. The order granted the petition, validated 25 signatures on the designating petitions filed on behalf of petitioner and ordered that the designating petitions be deemed qualified and accepted by respondent Board of Elections of County of Oneida and that petitioner be declared a duly qualified candidate of the Democratic Party for the office of Oneida County Executive in an election to be held in 2019. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Election Law article 16 seeking to validate his designating petition as a Democratic Party candidate for the office of Oneida County Executive. The designating petition had been invalidated by respondent Board of Elections of County of Oneida (Board), which determined in response to objections filed by James Genovese (respondent) that the designating petition contained 22 fewer valid signatures than required. After a hearing, Supreme Court validated 25 signatures that had been invalidated by the Board and thus ordered that petitioner be declared a duly qualified candidate of the Democratic Party for County Executive. Respondent appeals.
Initially, we note that this proceeding is not moot. Although the primary election date has passed, petitioner was the sole candidate to seek the subject designation, and thus he will be the Democratic Party candidate in the general election if his designating petition is valid (see Election Law § 6-160 [2]; Matter of Lord v New York State Bd. of Elections, 98 AD3d 622, 623 [2d Dept 2012]). We further note that the requests for affirmative relief made by the Board in its respondent's brief are not properly before us because the Board did not file a notice of appeal from the order (see Cleere v Frost Ridge Campground, LLC, 155 AD3d 1645, 1647 [4th Dept 2017]; see also Matter of Overbaugh v Benoit, 172 AD3d 1874, 1875 n 2 [3d Dept 2019]).
With respect to the merits, we reject respondent's contention that the court erred in validating the signatures at lines 2 through 4 and lines 6 and 7 of page 28 of the designating petition. Each of those signatures had listed by them the same street address, but no apartment [*2]numbers were included even though testimony at the hearing established that there are "maybe 60 [to] 70" apartments at that address. We nonetheless conclude that the designating petition adequately set forth the "residence address" of those signers within the meaning of Election Law § 6-130 "by indicating each signer's respective street address" (Matter of Hayon v Greenfield, 109 AD3d 920, 922 [2d Dept 2013]; cf. Matter of Salka v Magee, 164 AD3d 1084, 1086 [3d Dept 2018], lv denied 31 NY3d 914 [2018]; see also Matter of Tully v Ketover, 10 AD3d 436, 437 [2d Dept 2004]), and that an apartment number is not a required component of a residence address for purposes of section 6-130 (see generally Tully, 10 AD3d at 437). Respondent's contention that the court should have deferred to the Board's interpretation of the term "residence address" is improperly raised for the first time on appeal (see Matter of Buttenschon v Salatino, 164 AD3d 1588, 1589 [4th Dept 2018]) and, in any event, it is without merit inasmuch as the definition of that term presents a question of "pure legal interpretation" for which deference to an administrative agency is not warranted (Matter of Toys "R" Us v Silva, 89 NY2d 411, 419 [1996]; see New York City Campaign Fin. Bd. v Ortiz, 38 AD3d 75, 80-81 [1st Dept 2006]).
Contrary to respondent's further contention, the court properly validated the signature at line 8 of page 17 of the designating petition, which the Board had invalidated as illegible, and the signatures at line 8 of page 6, line 5 of page 29, line 8 of page 90, and line 11 of page 91, which the Board had invalidated because the signatures were printed rather than in script and did not match the signatures on file with the Board. The signatures at line 8 of page 17 and line 8 of page 6 were properly validated based on the testimony of the signers identifying their signatures (see Matter of Romaine v Suffolk County Bd. of Elections, 65 AD3d 993, 995 [2d Dept 2009]; see generally Matter of Jaffee v Kelly, 32 AD3d 485, 485-486 [2d Dept 2006], lv denied 7 NY3d 707 [2006]). The court validated the other three signatures by crediting the testimony of "subscribing witnesses attesting to the identity of [the signers]" (Matter of Henry v Trotto, 54 AD3d 424, 426 [2d Dept 2008]; see generally Jaffee, 32 AD3d at 485-486), i.e., testimony that the subscribing witnesses either personally knew the signer or required the signer to present identification before signing, and that credibility determination is entitled to deference (see Matter of Pidot v Macedo, 141 AD3d 680, 681 [2d Dept 2016]; Matter of Kraham v Rabbitt, 11 AD3d 808, 809-810 [3d Dept 2004]; Matter of Farrell v Cayuga County Bd. of Elections, 288 AD2d 844, 844 [4th Dept 2001]).
Respondent also contends that the subscribing witness for page 90 of the designating petition engaged in fraud by attesting in his subscribing witness statement that the signer listed at line 8 signed her name in his presence, when in fact her son signed for her pursuant to a power of attorney. In view of the court's determination to credit the testimony of the subscribing witness, however, we conclude that the record fails to establish that the subscribing witness statement was false, i.e., that the listed signer did not sign the designating petition herself (see generally Romaine, 65 AD3d at 995). Furthermore, even if the listed signer's son did sign for her, that would merely require invalidation of her signature and would not establish fraud in the subscribing witness statement entitling respondent to any greater relief (see Matter of Van Der Water v Czarny, 153 AD3d 1555, 1556 [4th Dept 2017]; Matter of Fatata v Phillips, 140 AD3d 1295, 1296-1297 [3d Dept 2016]; cf. Matter of Burman v Subedi, 172 AD3d 1882, 1883-1884 [3d Dept 2019], lv denied 33 NY3d 906 [2019]; see generally Matter of Rodriguez v Harris, 51 NY2d 737, 738 [1980]). As a result, the invalidity of that signature would not affect the overall validity of the designating petition, which contained three more than the required number of signatures.
In view of our determination, we do not reach respondent's remaining contention.
Entered: September 4, 2019
Mark W. Bennett
Clerk of the Court