Matter of Carr v Kepi (2021 NY Slip Op 05662)





Matter of Carr v Kepi


2021 NY Slip Op 05662


Decided on October 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2021-06876
 (Index Nos. 85114/21, 85125/21)

[*1]In the Matter of David M. Carr, petitioner-respondent,
v
Marko Kepi, appellant, Board of Elections in the City of New York, respondent-respondent, et al., respondents. (Proceeding No. 1)
In the Matter of Marko Kepi, appellant,David M. Carr, et al., respondents-respondents, et al., respondents. (Proceeding No. 2)




DECISION & ORDER
In a proceeding pursuant to Election Law article 16, inter alia, to contest the refusal to cast certain absentee ballots tendered in a primary election held on June 22, 2021, for the nomination of the Republican Party as its candidate for the public office of Member of the New York City Council, 50th Council District, and a related proceeding pursuant to Election Law article 16, inter alia, to preserve for judicial review ballots cast in that election, Marko Kepi appeals from a final order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated August 25, 2021. The final order, insofar as appealed from, after a hearing, denied that branch of the petition of Marko Kepi which was, in effect, to direct the opening and canvassing of 158 absentee ballots.
ORDERED that the final order is affirmed insofar as appealed from, without costs or disbursements.
The appellant contends that certain rulings made by the Supreme Court with respect to specified challenged absentee ballots were erroneous. Election Law § 16-106(1) provides courts with authority to review "[a] board's decision to canvass or refuse to canvass a particular ballot during the canvass" (Matter of Gross v Albany County Bd. of Elections, 3 NY3d 251, 257; see Matter of Johnson v Martins, 79 AD3d 913, 919-920, affd 15 NY3d 584). Judicial proceedings held pursuant to article 16 of the Election Law "shall be heard upon a verified petition and such oral or written proof as may be offered . . . and shall be summarily determined" (Election Law § 16-116).
The appellant's only contention on appeal is that the Supreme Court should have permitted him to introduce testimony from approximately 40 to 59 voters before the court ruled on the validity of the challenged absentee ballots. Contrary to the appellant's contention, the court did not err or improvidently exercise its discretion in denying the appellant's request to present witnesses to testify. "Election Law proceedings are subject to severe time constraints, and they require immediate action" (Matter of Master v Pohanka, 44 AD3d 1050, 1052; see Matter of Fonvil v Alexandre, 87 AD3d 640, 640). Determinations regarding the admission of evidence are committed to the sound discretion of the Supreme Court (see Matter of Stavisky v Lee, 142 AD3d 933, 933-934; Matter of Grimaldi v Board of Elections of State of N.Y., 95 AD3d 1644, 1646; Matter of Fonvil v [*2]Alexandre, 87 AD3d at 640).
Here, the record reflects that at the beginning of the three-day hearing on the Election Law article 16 petitions, the appellant's attorney made a general statement that he wished to call 40 voters to testify "and say, Yeah, that's my ballot." After hearing additional arguments from counsel, the Supreme Court elected to proceed with a fact-finding hearing wherein the court examined each of the challenged absentee ballots and compared the relevant signatures associated with the ballot to the voter's registration signature (see generally Election Law §§ 8-506, 9-209). After two days of examining the evidence, the court made a determination on the record that 158 of the challenged 160 absentee ballots were invalid. At that point in the proceedings, the appellant's attorney stated that the appellant wanted to present 59 voters to testify "that they did sign." The court denied the request and thereafter issued a final order detailing its findings from the examination of the documentary evidence. In the final order, the court noted that the signatures submitted with the challenged ballots in many cases "did not even remotely correspond to the signatures contained in the relevant voter registrations." The court further found "deeply concerning" patterns, such as the "same handwriting . . . on multiple affirmations," as well as different voter registrations "contain[ing] the same signature or handwriting." Under the totality of the circumstances, the court's determination not to permit the appellant's witnesses to testify was not an improvident exercise of discretion.
We decline the request of the respondent David M. Carr for an award of attorney's fees and costs against the appellant for allegedly frivolous conduct (see 22 NYCRR 130-1.1[c]).
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER: Maria T. Fasulo
Acting Clerk of the Court