Selene Fin., L.P. v Firshing (2022 NY Slip Op 01474)





Selene Fin., L.P. v Firshing


2022 NY Slip Op 01474


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-01228
2018-01229
 (Index No. 8613/11)

[*1]Selene Finance, L.P., respondent, 
v
Lorraine Firshing, appellant, et al., defendants.


Lorraine Firshing, Lynbrook, NY, appellant pro se.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Loretta Carty of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lorraine Firshing appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated November 15, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered November 16, 2017. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denied the cross motion of the defendant Lorraine Firshing, inter alia, to dismiss the complaint insofar as asserted against her. The order and judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see id. at 248).
In March 2009, the defendants Lorraine Firshing (hereinafter Firshing) and Lisa M. Firshing-Carrera (hereinafter together the defendants) borrowed the sum of $424,297 from the plaintiff's predecessor in interest and, as security for the loan, executed a mortgage encumbering certain real property located in Elmont. In June 2011, the plaintiff's predecessor in interest commenced this action to foreclose the mortgage against, among others, the defendants. In July 2011, the defendants answered the complaint and, inter alia, asserted as an affirmative defense that the plaintiff lacked standing. In February 2014, the plaintiff's predecessor in interest moved for summary judgment on the complaint and for an order of reference. The Supreme Court granted the motion in an order entered June 20, 2014, and the defendants appealed. In a decision and order dated July 15, 2015, this Court, inter alia, affirmed the order entered June 20, 2014 (see Loancare v [*2]Firsching, 130 AD3d 787).
In May 2017, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. Firshing cross-moved to reject the referee's report and to dismiss the complaint insofar as asserted against her. In an order dated November 15, 2017, the Supreme Court granted the plaintiff's motion and denied Firshing's cross motion. In an order and judgment of foreclosure and sale entered on November 16, 2017, the court, inter alia, directed the sale of the subject property. Firshing appeals.
Firshing's contention that the plaintiff's predecessor in interest did not have standing to commence the instant action is precluded by the doctrine of law of the case. In the decision and order dated July 15, 2015, this Court determined the issue of standing and denied Firshing's appeal on that ground, among others (see id. at 789).
"The granting of an adjournment for any purpose rests within the sound discretion of the Supreme Court and its determination will not be disturbed absent an improvident exercise of that discretion" (EMC Mtge. Corp. v Lamb, 195 AD3d 597 [citation omitted]). Contrary to Firshing's conclusory contention, the record does not establish that the Supreme Court improvidently exercised its discretion in granting the plaintiff an adjournment to respond to Firshing's cross motion.
The Supreme Court properly declined to consider Firshing's contention, raised for the first time in reply to the plaintiff's opposition to her cross motion, that the plaintiff's predecessor in interest failed to show that it complied with the requirements of RPAPL 1304 and/or 1306, and the claim is similarly not properly before this Court (see Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, 197 AD3d 625, 627).
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court