Matter of Park v Fuchs (2022 NY Slip Op 03195)

Matter of Park v Fuchs

2022 NY Slip Op 03195

Decided on May 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2022-03326
 (Index No. 708392/22)

[*1]In the Matter of Mary Myungsun M. Park, etc., et al., petitioners-respondents, 
v
Abraham M. Fuchs, appellant, et al., respondents.

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition, among other things, designating Abraham M. Fuchs as a candidate in a primary election to be held on June 28, 2022, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 25th Assembly District, Abraham M. Fuchs appeals from a final order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), dated April 28, 2022. The final order, insofar as appealed from, granted that branch of the petition which was to invalidate so much of the designating petition as designated Abraham M. Fuchs as a candidate.
ORDERED that the final order is affirmed insofar as appealed from, without costs or disbursements.
As is relevant to this appeal, on April 5, 2022, a petition was filed with the Board of Elections in the City of New York (hereinafter the Board of Elections), inter alia, designating Abraham M. Fuchs as a candidate in a primary election to be held on June 28, 2022, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 25th Assembly District. On April 8, 2022, Mary Myungsun M. Park filed objections to the designating petition with the Board of Elections, and, thereafter, on April 14, 2022, Park filed specifications as to her objections. On April 26, 2022, the Board of Elections issued its formal determination that the designating petition was invalid because it contained only 381 valid signatures and the minimum required number of valid signatures is 500.
While the designating petition and objections filed with the Board of Elections were pending, on April 19, 2022, Park, as objector, and other aggrieved candidates commenced this proceeding in the Supreme Court, inter alia, to invalidate the designating petition. On April 20, 2022, by his attorney, Fuchs commenced a related proceeding to validate so much of the designating petition as designated him as a candidate.
The Supreme Court scheduled a virtual conference on April 25, 2022 (before the Board of [*2]Elections issued its formal ruling), where Fuchs appeared without counsel and was not ready to proceed. The parties then agreed to proceed to a hearing on April 28, 2022. At a virtual conference on April 27, 2022, Fuchs stated that he was hiring a new attorney.
On April 28, 2022, Fuchs appeared with a new attorney who asked for an adjournment. The attorney stated that he "just got the stuff last night." The Supreme Court responded that Fuchs's attorney had sufficient time to obtain certified records because the proceedings "were made to the Court last week" and both sides agreed that they would be ready on April 28, 2022.
In a final order dated April 28, 2022, the Supreme Court, inter alia, found, among other things, that the petition, inter alia, to invalidate was established because the Board of Elections had determined, inter alia, that the designating petition did not contain a sufficient number of signatures. The court noted that Fuchs was not ready to proceed on April 28, 2022, and, among other things, granted that branch of the petition which was to invalidate so much of the designating petition as designated Fuchs as a candidate. Fuchs appeals.
Since the parties agreed on the hearing date of April 28, 2022, and the Board of Elections issued its formal determination invalidating the designating petition two days before that date, the Supreme Court's denial of Fuchs's request for an adjournment was a provident exercise of discretion (see Matter of Fonvil v Alexandre, 87 AD3d 640). Moreover, as no basis was presented to overturn the determination of the Board of Elections that the designating petition was invalid, that branch of the petition which was to invalidate so much of the designating petition as designated Fuchs as a candidate was properly granted.
DUFFY, J.P., CONNOLLY, CHRISTOPHER and FORD, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court