Matter of Baldeo v Choudhury (2022 NY Slip Op 03189)





Matter of Baldeo v Choudhury


2022 NY Slip Op 03189


Decided on May 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2022-03346
 (Index No. 708601/22)

[*1]In the Matter of Albert Baldeo, appellant,
v
Mizanur R. Choudhury, respondent-respondent, et al., respondent.




DECISION & ORDER
May 12, 2022In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Mizanur R. Choudhury as a candidate in a primary election to be held on June 28, 2022, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 24th Assembly District, the petitioner appeals from a final order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered May 5, 2022. The final order, upon the denial of the petitioner's application for an adjournment, dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
The petitioner contends that the Supreme Court should have granted his application for a one-week adjournment to secure the attendance of witnesses at the hearing on his petition, inter alia, to invalidate a certain designating petition. The determination of that application was a matter resting within the court's sound discretion (see Selene Fin., L.P. v Firshing, 203 AD3d 861, 863; Vassiliou-Sideris v Nautilus, Inc., 186 AD3d 1756; Matter of Braunfotel v Feiden, 172 AD3d 1451, 1451; Matter of Fonvil v Alexandre, 87 AD3d 640, 640). Considering, among other things, the petitioner's lack of due diligence in securing the attendance of the witnesses (see Matter of Steven B., 6 NY3d 888, 889; Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874, 876; Matter of Fonvil v Alexandre, 87 AD3d at 640), and that "proceedings pursuant to the Election Law require immediate action because they are subject to severe time constraints" (Matter of Fonvil v Alexandre, 87 AD3d at 640 [internal quotation marks omitted]; see Matter of Carr v Kepi, 198 AD3d 847, 848; Matter of Alfieri v Bravo, 172 AD3d 1360, 1363; Matter of Stavisky v Lee, 142 AD3d 933, 933; Matter of Master v Pohanka, 44 AD3d 1050, 1052), the court providently exercised its discretion in denying the petitioner's application for a one-week adjournment.
Furthermore, upon the denial of the petitioner's request for an adjournment, the Supreme Court providently exercised its discretion in dismissing the proceeding. The petitioner's counsel made it clear that he would not be prepared to proceed with the hearing even if the court were to grant him a 48-hour adjournment to April 28, 2022, and he maintained that position even after the court indicated it would dismiss the proceeding rather than grant the request for a one-week adjournment. Under these circumstances, the dismissal of the proceeding was a provident exercise of the court's discretion (see Johnson v Aguwa, 176 AD3d 1039, 1041; Geffner v Mercy Med. Ctr., 167 AD3d 571, 573; Hansen v Loomis, 137 AD2d 584, 585).
The petitioner's remaining contentions are either without merit or not properly before [*2]this Court.
IANNACCI, J.P., CHAMBERS, GENOVESI and DOWLING, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court